Myles J. Lane, J.
The “occupancy agreement” between plaintiff co-operative and defendant occupant provides: “No animals of any kind shall be kept or harbored in the demised premises.” (Rules and Regulations, par. 16.)
Plaintiff co-operative brings this suit in equity to enjoin defendant from continuing in possession of a small dog, alleging that it has no adequate remedy at law, and planting itself upon Knolls Co-op. Section No. II v. Cashman (N. Y. L. J., March 5, 1963, p. 17, col. 3 [per Korn, J., Sup. Ct., Bronx County], affd. 19 A D 2d 789 [1st Dept., 1963], affd. 14 N Y 2d 579 [1964]).
Defendant admits keeping a dog in her apartment contrary to the Rules and Regulations but her husband in her behalf asserts that her purchase of the dog was necessitated by circumstances that have arisen since the execution of the agreement in June, 1968, which make it necessary for her to have a dog in her apartment. He refers to a series of seven burglaries in the building in as many months, plus an assault, and an attempted burglary which was frustrated. He also asserts that the owner has permitted other occupants to keep cats as well as dogs in their apartment.
Plaintiff moves for summary judgment, asserting its rule is uniformly enforced, and charging there is no defense to the action in view of the holding in the Knolls case (supra).
There is no question but that the owner of an apartment building may provide reasonable regulations respecting the harboring of animals in the building, as indicated in Knolls (supra) where a provision altogether restricting the possession of animals in a co-operative was upheld, in a declaratory judgment action, on the facts there presented. (See, generally, 1 Rasch, Landlord and Tenant, § 391.)
By the same token, injunctive relief was denied to a landlord in Jerome Realty Co. v. Yankovich (37 Misc 2d 433 [Sup. Ct., N. Y. County, 1962], affd. 19 A D 2d 697 [1963]) the court stating: “ There are adequate remedies at law for dirty and destructive tenants and for dirty and destructive dogs as well, even in the absence of an express covenant against dogs in a given lease.” (p. 435) and that “£ The mere keeping of a dog *590 in an apartment house in contravention of a lease is not a breach of a substantial obligation of tenancy. ’ ” (p. 434).
The decision in Knolls Co-op. v. Cashman (supra) appears, in fact, upon a reading of the record, to be based upon an earlier holding involving the same property, Knolls Co-op. v. Kurzrok (Cashman Record, p. 21) where it had been stipulated that had Kurzrok gone to trial, testimony would have been adduced that dogs:
“had been causing dirt in and around plaintiff’s premises and had been digging up the lawns; that they were running wild in the area of plaintiff’s premises and endangering the safety of children and adults in plaintiff’s playground area; and that plaintiff’s costs of maintenance had been increased because of dirt and waste put on the lawns by dogs.”
‘ ‘ Apparently defendant would not have controverted such testimony, had it been offered at the trial, for the agreed statement of facts contains no suggestion that defendant would have done so.” (Cashman Record, p. 17.)
In the case at bar, not only is there no such stipulation, but there is not even any such assertion by the owner. If these factors are present they should indeed be weighed in balancing the equities. Such matters are peculiarly appropriate for disposition by the Trial Justice.
And in Knolls v. Cashman (supra) the plaintiff was “not seeking the extraordinary remedy of injunction ” (Respondent’s Brief, Court of Appeals, point IV, p. 11) as is the plaintiff here.
As has been stated in Mutual Redevelopment Houses v. Hanft (42 Misc 2d 1044 [Civ. Ct., N. Y. County, 1964]):
“ Where, as in the present case, the provision is of the blanket, blunderbuss variety, covering all imaginable behavior which may now -or later be prohibited, enforcement would amount to abdication of the judicial function * * *.
“If it were literally enforced [it would apply to] even a canary, a parakeet, goldfish or other pets.” (pp. 1048-1049).
And in Gresov v. 900 Fifth Ave. Corp. (N. Y. L. J., Dec. 19, 1969, p. 13, col. 6) Justice Sarafite held that a German Shepherd dog who has bitten, and frightened other persons in an apartment house must ride the service elevators when they are in operation.
In the final analysis, however, what is a reasonable approach to a problem and a reasonable regulation must of necessity vary from time to time and from place to place. This court is not prepared to hold unquestioningly that a prohibition against animals must be unyieldingly enforced at all times and all *591 places, particularly where, as here, the defendant, occupant of an apartment in a co-operative, has shown a series of burglaries over the past few months.
In the present circumstances of rampant crime, the inability of landowners sufficiently to police their properties may indeed give rise to a right in occupants to take such steps as may be necessary to protect themselves, including the possession, as here, of what is described as a small Schnauzer, as to whom “ there is no complaint about barking or noise-making.” Dogs of the working group and the terrier group, which include the Schnauzers, are known to develop a protective instinct which causes them to warn members of their families upon the approach of a stranger. (7 Encycl. Britannica [1951 ed.], at pp. 495A-495B.)
The disposition here reached finds support in Hampshire Co-op. v. Friedman (N. Y. L. J., Dec. 19, 1962, p. 13, col. 6 [Sup. Ct., Queens County, per Cbawfobd, J.) where, after trial, it was stated: “ This court is of the opinion that keeping a dog in an apartment in violation of a lease is not such a violation of the defendant’s tenancy as to warrant the use of the extraordinary remedy of injunction.”
See, to the same effect, Valentine Gardens Co-op. v. Oberman (237 N. Y. S. 2d 535 [Sup. Ct., Westchester County, 1963, per Coyne, J.]) where the court noted, at page 538, in denying an injunction and dismissing the complaint that ‘ ‘ no claim is made that the dog was a nuisance or in any manner offensive or obnoxious to the other tenants.” (And cf. Anns., 18 ALr. 2d 880, 2 ALR 2d Later Case Service 1198, 11 ALR 3d 1399, and 15 Syracuse L. Rev. 305 [1963]; 18 Stan. L. Rev. 1323, 1328 et seq. [1966].)
The court has examined the records in Brigham Park Co-op. Apts. Section 2, v. Krauss (21 N Y 2d 941 [1968]) and East Riv. Housing Corp. v. Foti (N. Y. L. J., April 21, 1969, p. 2, col. 5, as well as East Riv. Housing Corp. v. Rakity (N. Y. L. J., April 21, 1969) and does not believe them to be dispositive here. In the Brigham Park case it appears that the occupant challenged the power of co-operative’s board of directors and stockholders to pass the resolution prohibiting animals, questioning the notice of meeting, and charging the directors with fraud. (Becord on Appeal, p. 38.)
In each of the two cases brought by this plaintiff against other occupants of the co-operative, defendants defaulted on motions for summary judgment and the court subsequently refused to vacate their defaults.
*592 Plaintiff has not established, upon these papers, a clear right to the injunctive relief sought. In these circumstances, and while not at all deprecating the plaintiff’s right to pursue this matter further, at trial, the court denies the motion for summary judgment.