■ EAST RIVER HOUSING CORPORATION, Appellant, v. GENEVIEVE MATONIS, Respondent.— Order entered January 9, 1970, unanimously reversed, on the law, without costs and without disbursements, and summary judgment granted in plaintiff's favor enjoining defendant from harboring a dog in her apartment. Plaintiff is a Redevelopment & Housing Corporation, which provides apartments for persons of low or moderate income on a co-operative basis. The development consists of four 21-story residential apartment buildings, housing approximately 6,500 persons, occupying 1,672 apartments. On June 17, 1968, defendant executed an occupancy agreement containing a covenant, paragraph 14, to "comply strictly with the rules and regulations herein set forth". Rule 16 of the Rules and Regulations set forth in the occupancy agreement provides: "No animals of any kind shall be kept or harbored in the demised premises." Paragraph 14 also provides, "The Member further agrees that the violations of any of said rules and regulations is to be considered a violation of a substantial obligation of occupancy." In violation of the foregoing specific provisions of the occupancy agreement forbidding the harboring of dogs, defendant admits that she has a dog, but argues that the dog is necessary for her protection. In this action for an injunction, Special Term denied plaintiff's motion for summary judgment holding: "The court is not prepared to hold unquestionably that a prohibition against animals must be unyieldingly enforced at all times and all places, particularly where, as here, the defendant, occupant of an apartment in a cooperative, has shown a series of burglaries over the past few months." This court only recently had occasion to review the reasonableness of covenants prohibiting the keeping of animals in co-operative housing developments like that in the instant matter. In reversing an order denying summary judgment, this court in *Riverbay Corp.* v. *Klinghoffer* (34 A D 2d 630) decided, "A prohibition against the keeping of animals by residents of apartment houses is reasonable and enforceable". Upon the record no triable issue is raised. The issue of the need of a dog for protection as a justification for the violation of an occupancy agreement prohibiting the maintaining of a dog in an apartment has also been considered and rejected. (See *Brigham Park Coop. Apts., Section*

*2* v. *Krauss,* 21 N Y 2d 941, cited in *Riverbay Corp.* v. *Klinghoffer, supra.*) Concur — Stevens, P. J., McGivern, Markewich and Steuer, JJ. [62 Misc 2d 588.]