■ KINGS BAY HOUSES, SECTION TWO, INC., Respondent, v MORRIS MALKIS et al., Appellants.—In an action *inter alia* to restrain defendants from harboring a dog within their apartment, defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County, dated April 17, 1975, as granted plaintiff's motion for summary judgment. Order affirmed insofar as appealed from, with $50 costs and disbursements (see, e.g., *Brigham Park Co-op. Apts. Section No. 2 v Krauss,* 28 AD2d 846, affd 21 NY2d 941; *East Riv. Housing Corp. v Matonis,* 34 AD2d 937, affd 27 NY2d 931; *Hilltop Vil. Co-op No. 4 v Goldstein,* 43 Misc 2d 657, affd 23 AD2d 722). Rabin, Acting P. J., Hopkins, Martuscello, Brennan and Munder, JJ., concur.

■ S. WILLIAM KLEIN, Appellant v FRANCES KLEIN, Respondent.—In a support proceeding, petitioner appeals from an order of the Family Court, Kings County, dated March 12, 1975, which denied without a hearing, his application for a downward modification of the alimony and support provisions contained in a prior judgment of divorce. Order reversed, without costs, and proceeding remanded to the Family Court for further proceedings not inconsistent herewith. The 1971 judgment of divorce directed petitioner to pay a single unallocated sum for the support of both respondent and the parties' then minor son. The requirement of support for the son lapsed upon his twenty-first birthday. However, in this proceeding, the Family Court denied the application for a reduction in the support obligation on the ground that the son was currently attending college. The mere fact that the son was attending college does not necessarily require a denial of the relief sought by petitioner, but we note that the son has now completed his college studies. In seeking a reduction of the unallocated support award payable under the divorce decree, it was incumbent upon petitioner to establish which portion of the award represented support for the son during his minority. Petitioner has failed to carry his burden in this regard; consequently, there must be a hearing on this issue in the Family Court. At the hearing, respondent may introduce evidence as to her present financial circumstances and may seek an adjustment in the amount of alimony payable to her. Rabin, Acting P. J., Hopkins, Martuscello, Brennan and Munder, JJ., concur.