■ JOAN GRIMALDI, Respondent, v LUIGI GRIMALDI, Appellant.—In a matrimonial action in which the parties were divorced by a judgment entered July 19, 1984, the defendant appeals, as limited by his notice of appeal and brief, from so much of an order of the Supreme Court, Nassau County (Brucia, J.), dated May 15, 1989, as converted the defendant's unallocated $100 weekly obligation for maintenance and child support to one for maintenance alone in the identical amount, without a hearing, upon the emancipation of the parties' youngest child.

Ordered that the order is reversed insofar as appealed from, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings consistent herewith.

Pursuant to the July 19, 1984, judgment of divorce of the parties, the defendant was obligated to make payments of $100 per week to the plaintiff as unallocated maintenance and support for the parties' unemancipated daughter. Upon that daughter's marriage in 1988, the defendant moved to vacate this unallocated support obligation and the plaintiff cross-moved for an upward modification of maintenance to $175 per week citing, *inter alia,* the defendant's receipt of Social Security benefits which he had not been receiving at the time of the divorce. Furthermore, the plaintiff agreed to withdraw her cross motion in order to avoid the expense of a hearing in the event that the court would deny the defendant's motion outright. The court accepted this invitation, holding, without a hearing, that the defendant was able to continue his $100 weekly payments and that the plaintiff had demonstrated the existence of financial hardship justifying the defendant's continued payment. This was error.

It is well settled that on a motion for an upward or downward modification of support payments a hearing is necessary on the issue of changed circumstances where the parties' affidavits disclose the existence of genuine questions of fact *(see, Wyser-Pratte v Wyser-Pratte,* 66 NY2d 715; *Adler v Adler,* 135 AD2d 597; *Walby v Walby,* 122 AD2d 135; *Levinson v Levinson,* 97 AD2d 458). In the instant case, we find that the defendant clearly established his entitlement to the elimination of that portion of the unallocated support award which represented child support for the parties' now-emancipated daughter. While the plaintiff asserted that the defendant was receiving Social Security benefits which he had not been receiving at the time the support provisions were incorporated into the judgment of divorce, she did not demonstrate, based,

*inter alia,* upon her financial situation, that she is entitled to an upward modification as a matter of law. An evidentiary hearing was thus necessary for the plaintiff to develop the existence of changed circumstances.

Furthermore, at the hearing, it will be incumbent upon the defendant to establish the portion of the unallocated support payments that was attributable to child support *(see, Klein v Klein,* 50 AD2d 860; *see also, Urban v Urban,* 90 AD2d 793), as only that portion of the formerly unallocated award should be vacated. Sullivan, J. P., Harwood, Miller and O'Brien, JJ., concur.