■ CHARLES LEWIS, Appellant, v MERRYL LEWIS, Respondent. —In a matrimonial action in which the parties were divorced by a judgment dated August 20, 1987, the plaintiff husband appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Imperato, J.H.O.), entered May 31, 1990, as upon his default in appearing at a hearing, denied his motion for expanded visitation rights with the children of the marriage and granted the defendant wife's cross motion for an award of maintenance.

Ordered that the order is reversed insofar as appealed from, with costs, the motion is granted and the cross motion is denied, and the matter is remitted to the Supreme Court, Kings County, for the entry of an appropriate order incorporating the terms of the parties' stipulation on visitation rights.

Contrary to the defendant's contention, the subject order, which was entered after the plaintiff defaulted in appearing at the hearing, is appealable, although review is limited to the matters which were the subject of contest before the Supreme Court *(see, Feldman v Teitelbaum,* 160 AD2d 832; *Katz v Katz,* 68 AD2d 536; *see also, James v Powell,* 19 NY2d 249, 256, n 3).

In November 1988 the plaintiff moved, *inter alia,* for expanded visitation rights with the children. The defendant cross-moved, *inter alia,* for an award of maintenance. In July

1989 a hearing was commenced on the various issues raised in the motions. The hearing continued on September 25, 1989, at which point the parties entered into a stipulation on the record with respect to the plaintiff's request for expanded visitation. The plaintiff thereafter failed to appear at the hearing, and the court held an inquest on the other issues raised in the parties' motions. Following the inquest, the court denied the plaintiff's motion for expanded visitation, despite the stipulation, and granted the defendant open-ended maintenance of $125 per week. We find that the two issues raised by the appellant, to wit, whether he is entitled to expanded visitation, and whether the wife is entitled to any maintenance, were contested in the Supreme Court, and may be reviewed on appeal.

We conclude that the court erred in awarding the defendant maintenance. It is well settled that a party seeking to modify the maintenance provisions of a judgment of divorce in which the terms of a separation agreement have been incorporated but not merged must establish that the continued enforcement of the maintenance provisions would create an "extreme hardship" *(see,* Domestic Relations Law § 236 [B] [9] [b]; *Bustin v Bustin,* 175 AD2d 481; *Zacchia v Zacchia,* 168 AD2d 677, 678; *Praeger v Praeger,* 162 AD2d 671, 673; *Wells v Wells,* 130 AD2d 487, 488; *Pintus v Pintus,* 104 AD2d 866, 867). This same "extreme hardship" standard applies in the instant case where an agreement was incorporated but not merged in the judgment of divorce, and the agreement does not contain a provision for maintenance.

We find that the wife did not make the required showing of extreme hardship. She had significant savings in several bank accounts, a Bachelor of Arts degree, a Juris Doctor degree, and 24 credits towards her Master's degree, and was employed as a per diem substitute teacher. Although the wife had been living in her parents' home with her children ever since the separation and expressed a desire to move into her own apartment, this did not amount to a showing that absent an award of maintenance she would suffer extreme hardship.

We further find that the court erred when it denied the plaintiff's motion for expanded visitation rights. The oral stipulation which was placed on the record on September 25, 1989, disposed of the visitation issue, thereby effectively precluding any further litigation. By stipulation, the parties may shape the facts to be determined at a hearing, and thus circumscribe the relevant issues for the court *(see, Deitsch Textiles v New York Prop. Ins. Underwriting Assn.,* 62 NY2d

999, 1002). It is well established that stipulations of settlement are judicially favored and are not lightly cast aside absent cause sufficient to invalidate a contract *(see, Hallock v State of New York,* 64 NY2d 224, 230; *Matter of Galasso,* 35 NY2d 319, 321; *Barzin v Barzin,* 158 AD2d 769, 770; *Cole & Co. v 630 Corp.,* 150 AD2d 328, 329; *Belchou v Atlantic & Pac. Tea Co.,* 126 AD2d 506). Since there was no such showing, the court erred when it simply ignored the binding stipulation with respect to expanded visitation. Mangano, P. J., Sullivan, Harwood and Pizzuto, JJ., concur.