■ In the Matter of VERONICA ALEXANDER, Respondent, v JAMES E. ALEXANDER, Appellant. [612 NYS2d 97] —Order unani-

mously affirmed with costs. Memorandum: Respondent husband appeals from a Family Court order that, following a hearing, modified a prior Supreme Court order and directed respondent to pay petitioner wife $70 per week for maintenance until such time as she receives her spousal share of respondent's pension plan.

The parties were divorced in 1984. An oral stipulation, which was adopted in writing by the parties, was incorporated but not merged in the judgment of divorce. It provided that respondent would pay petitioner unallocated support in the amount of $100 per week. That amount was to be reduced to $60 per week when the eldest child became emancipated, and was to cease entirely when both children were emancipated. The judgment of divorce was subsequently modified by Supreme Court to provide for support payments of $70 per week. On June 10, 1991, approximately six months prior to the date that the youngest child would attain 21 (December 1, 1991), petitioner filed a petition in Family Court seeking to modify the prior Supreme Court order of support to require respondent to continue paying her support after the youngest child became emancipated.

We reject respondent's contention that Family Court lacked jurisdiction to modify the terms of the parties' stipulation incorporated without merger into the judgment of divorce and the post-judgment Supreme Court order (see, Matter of Cohen v Seletsky, 142 AD2d 111, 118). The evidence before the Hearing Officer established that petitioner demonstrated "substantial hardship" because of her physical incapacity that forced her to discontinue gainful employment. We conclude that petitioner satisfied her burden of showing that continued enforcement of the support provisions previously agreed to would create an "extreme hardship" (Domestic Relations Law § 236 [B] [9] [b]) due to petitioner's serious physical disability. Thus, Family Court properly granted the petition (see, Matter of Cohen v Seletsky, supra; Pintus v Pintus, 104 AD2d 866, 867-868). (Appeal from Order of Erie County Family Court, Townsend, J.—Support.) Present—Denman, P. J., Green, Fallon, Callahan and Doerr, JJ.