■ JULIA B. SOBA, Respondent-Appellant, v HILTON M. SOBA, Appellant-Respondent. [623 NYS2d 891] —In an action for divorce and ancillary relief in which the parties were divorced by a judgment entered September 10, 1987, (1) the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Becker, J.), dated September 14, 1993, as denied his motion for a downward modification of maintenance and awarded the plaintiff maintenance arrears of $47,925, and (2) the plaintiff cross-appeals from so much of the same order as denied her application for counsel fees.

Ordered that the order is modified by (1) deleting the provision thereof which denied the defendant's motion for a downward modification of maintenance and (2) deleting the provision denying the plaintiff's application for counsel fees; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff, and the matter is remitted to the Supreme Court, Nassau County, for an evidentiary hearing to determine whether the defendant's current maintenance obligation will cause him severe hardship and whether the defendant's payment of the plaintiff's counsel fees would be inequitable.

The parties were married in 1951. They entered into a

separation agreement in July 1985, which provides that the defendant pay the plaintiff maintenance of $600 per week. The agreement also provides that, if the defendant receives Social Security before July 1997, the sum of $600 per week shall be offset by the amount of Social Security that the plaintiff receives. Additionally, the agreement provides that, if the husband retires after July 1997, the plaintiff's maintenance shall be reduced to $300 per week plus another amount. In September 1987, the parties were divorced by a judgment that incorporated by reference the separation agreement, which survived and did not merge into the judgment of divorce.

In March 1993, the plaintiff commenced this proceeding for unpaid maintenance for the period from June 1988 to March 1993 and for counsel fees. The defendant moved for a downward modification of his maintenance obligation, claiming that his financial situation had changed, and to be excused from the arrears that had accrued. The Supreme Court awarded the plaintiff maintenance arrears in the sum of $47,925 but denied her application for counsel fees. The court also denied the defendant's motion for a downward modification of his maintenance obligation. Both parties appeal from the court's order.

Since the defendant failed to show good cause for his failure to apply for relief from his maintenance obligation prior to the accrual of arrears, the Supreme Court properly awarded the plaintiff the uncontested amount of the arrears (see, Domestic Relations Law § 236 [B] [9] [b]; Felton v Felton, 175 AD2d 794; Kutanovski v Kutanovski, 162 AD2d 662).

With regard to the defendant's motion for a downward modification of his maintenance obligation, Domestic Relations Law § 236 (B) (9) (b) authorizes the modification of the terms of a separation agreement which has been incorporated into a judgment of divorce upon a showing of extreme hardship. When the allegations of the party seeking the modification present genuine issues of fact regarding whether that party will suffer extreme hardship if the maintenance terms of the separation agreement are not modified, the court must conduct a hearing to determine whether modification is warranted (see, Grimaldi v Grimaldi, 167 AD2d 443; Hofmeister v Hofmeister, 120 AD2d 802; Heath v Heath, 128 AD2d 587). In this case, the defendant alleges a severe financial hardship, whereas the plaintiff accuses him of having unreported income. Accordingly, the matter is remitted for a hearing to determine whether the defendant will suffer extreme hardship

if the maintenance terms of the parties' separation agreement are not modified and whether the defendant's financial position is so poor, as compared to the plaintiff's financial position, that denial of the plaintiff's request for counsel fees is warranted. Bracken, J. P., Rosenblatt, Lawrence, Krausman and Goldstein, JJ., concur.