■ In the Matter of RONALD J. ZINKIEWICZ, Appellant, v GLORIA J. ZINKIEWICZ, Respondent. [635 NYS2d 678] —In a proceeding for downward modification of maintenance, the husband appeals from so much of an order of the Supreme Court, Suffolk County (Baisley, J.), dated April 1, 1994, as denied the petition without a hearing.

Ordered that the order is affirmed, without costs or disbursements.

The Supreme Court correctly found that the husband failed to make out a prima facie case of entitlement to modification

of the maintenance provisions of the parties' separation agreement, which was incorporated but not merged in their judgment of divorce. The husband failed to establish that the continued enforcement of the maintenance provisions would create an extreme hardship for him *(see, e.g., Didley v Didley,* 194 AD2d 7, 10; *Katz v Katz,* 188 AD2d 827; *Lewis v Lewis,* 183 AD2d 875; *Wells v Wells,* 130 AD2d 487; *Pintus v Pintus,* 104 AD2d 866; Domestic Relations Law § 236 [B] [9] [b]).

The Supreme Court properly denied the husband's petition without holding an evidentiary hearing, as his sole allegations—that the rising cost of living had diminished his profits from his otherwise flourishing business, and that his former wife no longer needed his support because she had just received a settlement in a personal injury lawsuit—do not warrant a hearing *(see, e.g., Praeger v Praeger,* 162 AD2d 671; *Gerringer v Gerringer,* 152 AD2d 652; *Nordhauser v Nordhauser,* 130 AD2d 561). Rosenblatt, J. P., Copertino, Friedmann and Krausman, JJ., concur.