■ ALBERT YOUNG, Appellant, v ARLINE YOUNG, Respondent. [636 NYS2d 46] —Order, Supreme Court, New York County (Lewis Friedman, J.), entered April 27, 1995, which denied plaintiff's motion for a downward modification of the maintenance that was fixed in a separation agreement incorporated but not merged into the parties' judgment of divorce, unanimously affirmed, without costs.

The motion was properly denied without a hearing for failure to raise an issue of fact as to whether plaintiff would suffer "extreme hardship" if maintenance provided for in the separation agreement were not modified (Domestic Relations Law § 236 [B] [9] [b]; *cf., Wyser-Pratte v Wyser-Pratte*, 66 NY2d 715). The court is entitled to take into account that financial difficulties are the result of criminal activity in determining whether a party's obligations constitute an "extreme hardship" within the meaning of the statute (*see, Matter of Knights v Knights*, 71 NY2d 865, 866). Moreover, we agree with the motion court that plaintiff's claim that his support obligations suddenly constitute an "extreme hardship" is rendered suspect by the fact that he made this claim at the point when defendant's income was enhanced by her entitlement to 25% of plaintiff's pension, for which he had just become eligible. We have considered plaintiff's other contentions and find them to be without merit. Concur—Ellerin, J. P., Rubin, Kupferman, Williams and Mazzarelli, JJ.