■ LEAH T. KENT, Appellant, v STEVEN J. KENT, Respondent. [650 NYS2d 547] —Order, Supreme Court, New York County

(David B. Saxe, J.), entered on or about August 1, 1995, which denied plaintiff's motion to hold defendant in contempt, granted plaintiff's motion for a money judgment against defendant and confirmed in part and disaffirmed in part the Referee's report dated April 14, 1995, unanimously modified, on the law and the facts, to the extent of finding that plaintiff is entitled to 100% of the Pennsylvania house in equitable distribution and, as so modified, the order is affirmed, without costs.

Because of its absence from the record before this Court, we are unable to ascertain the IAS Court's reasoning behind its January 13, 1995 order, which rejected the Special Referee's report dated August 19, 1994 and referred the matter to a second Referee whose report is dated April 14, 1995.

The differences between the reports have to do with the equitable distribution of the couple's Pennsylvania house, which was acquired as a rental property for the purpose of financing the college education of the parties' son. Both Referees and the court agreed that the house should be valued at $98,000. The first Referee recommended that, based upon the parties' monetary and nonmonetary contributions to the acquisition and retention of the house prior to the commencement of this action, plaintiff wife should have a 65% interest and defendant husband a 35% interest therein. The Referee further recommended a 10% reduction in defendant's share due to his failure to assist in the operation of the property while he was in residence as well as active impediments he put in the way of plaintiff's operation of this rental property. Deducting the then $33,000 balance of the mortgage on the premises, plus $9,922.35 in arrearages conceded by defendant, and an additional $12,128.65 deduction representing the balance of carrying charges during defendant's 17 months in residence, the Referee recommended awarding the property to plaintiff and a distributive award of $709 to defendant.

As previously noted, for reasons which cannot be determined from this record, the Referee's report was rejected by the IAS Court and, according to the second Referee's report, the only issue referred to him was the equitable distribution of the house at the time of the commencement of this action, not the issue of an accounting of monies spent by plaintiff for the house after she commenced this action.

The second Referee recommended that defendant be awarded 20% of the value of the house, which should not be reduced by deductions of mortgage payments by plaintiff since the parties' separation in 1989 and the period that defendant resided in

the house. The Referee recommended that such distributive award should only be reduced by defaults of defendant to comply with past court orders to pay taxes and assessments.

The IAS Court, in the order appealed from, disaffirmed the second Referee's report to the extent it recommended a reduction only for defendant's defaults regarding taxes and assessments. Instead, the court referred the issue of the entire sum in which defendant is in arrears to a third Referee so that the distributive award to be included in the judgment is offset by all of defendant's arrears under the court's pendente lite orders. This third reference resulted in a hearing on January 16, 1996 at which, according to the Referee's report dated January 17, 1996, plaintiff failed to sustain her burden of proof on the total amount of defendant's arrears because she walked out of the hearing in the middle of her testimony in seeming frustration.

Despite the fact that both parties appeared *pro se* at the last two hearings, the issue of the equitable distribution of the Pennsylvania house with offsets against defendant's share should have been resolved without the necessity of three separate references that have still left the matter unclear. Nevertheless, by deducting the amount of at least $16,430.55 of arrears found by the court to be due from defendant for his failure to abide by the court's prior order of September 7, 1993, which directed him to pay the upkeep on the house, from his 20% share of the house's value (*i.e.*, $12,000 as found by the second Referee), plaintiff is entitled to no less than 100% of the value of the Pennsylvania house; the matter of any additional amount due to plaintiff should be resolved by the IAS Court, without further references, and incorporated in a final judgment of divorce that should be entered expeditiously.

Finally, the issue of defendant's possible contempt for failure to pay the $16,430.55 was also referred to the third Referee. However, plaintiff, by walking out, failed to sustain her burden of proof on that issue as well and, thus, there is no support in this record for a finding of contempt against defendant. Concur—Sullivan, J. P., Ellerin, Kupferman, Williams and Mazzarelli, JJ.