■ RUTH MISHRICK, Respondent, v ABDALLAH S. MISHRICK, Appellant. [674 NYS2d 746] —In a matrimonial action in which the parties were divorced by a resettled judgment, entered December 9, 1988, and modified by a stipulation of the parties dated January 12, 1996, the former husband appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Bucaria, J.), as denied, without a hearing, his motion for downward modification of his maintenance obligations.

Ordered that the order is affirmed insofar as appealed from, with costs.

Domestic Relations Law § 236 (B) (9) (b) authorizes the modification of the terms of a separation agreement which has been incorporated into a judgment of divorce upon a showing of extreme hardship (see, Sheridan v Sheridan, 225 AD2d 604, 605). The court must conduct a hearing to determine whether modification is warranted only where the allegations of the party seeking modification present genuine issues of fact (see, Young v Young, 223 AD2d 358; Soba v Soba, 213 AD2d 472). Absent a prima facie case establishing entitlement to a downward modification, the applicant has no right to a hearing (see, Lloyd v Lloyd, 226 AD2d 816; Matter of Zinkiewicz v Zinkiewicz, 222 AD2d 684, 685).

Here, the husband's claims of extreme hardship are based on nothing more than self-serving, conclusory allegations and credit card statements revealing that he has incurred significant debt by drawing cash advances against those accounts. Accordingly, the Supreme Court properly rejected his application without a hearing. Mangano, P. J., Bracken, Krausman and McGinity, JJ., concur.