■ LEONARD ROBINSON, Respondent, v ONA ROBINSON, Appellant. [690 NYS2d 26] —Order, Supreme Court, New York County (Walter Tolub, J.), entered March 9, 1998, which denied defendant's motion for an order modifying the divorce judgment to eliminate the payment of maintenance to plaintiff and granted plaintiff's cross motion to enforce defendant's maintenance obligation and for counsel fees, unanimously affirmed, with costs.

According to the plain language of the parties' Stipulation and Agreement, incorporated but not merged into the divorce judgment, the court, in deciding defendant's application to eliminate her maintenance obligation to plaintiff, was expressly required to take into account each of the parties' assets and income from all sources. Given the substantial assets acknowledged by defendant in her Statement of Net Worth, defendant is manifestly able to fulfill the maintenance obligation she contracted to assume and her motion to eliminate that obligation was properly denied. Given the extent of defendant's assets, the motion court did not need to reach the issue of

defendant's income. In any event, while defendant contends that her income drastically decreased in 1997, due to health problems, and that such was sufficient to warrant the elimination of her maintenance obligation, the facts indicate otherwise. Moreover, since the documentary evidence submitted amply demonstrated that defendant has the ability to continue the maintenance payments to plaintiff, and no genuine issues of fact were presented, the court was not required to hold a hearing on defendant's motion (*see, Young v Young*, 223 AD2d 358). Since plaintiff successfully cross-moved for enforcement of the disputed maintenance obligation, the award of counsel fees under paragraph 15 of the Stipulation and Agreement was proper. Concur—Rosenberger, J. P., Nardelli, Lerner, Saxe and Friedman, JJ.