■ DANIEL M. VINNIK, Appellant, v BARBARA B. VINNIK, Respondent. [742 NYS2d 673] —In an action for a divorce and ancillary relief, the plaintiff appeals from so much of (1) an order of the Supreme Court, Westchester County (Shapiro, J.), entered May 3, 2001, as denied that branch of his motion which was to reduce his monthly maintenance obligation to the defendant and granted that branch of the defendant's motion which was for an attorney's fee, and (2) an order and amended judgment (one paper) of the same court, dated May 29, 2001, as granted that branch of the defendant's motion which was to amend the judgment of divorce to provide that it is not modifiable with respect to any provision which affects spousal support, and enjoined either party from seeking such modification.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the order and amended judgment is reversed insofar as appealed from, on the law, without costs or disbursements, the 16th decretal paragraph thereof, prohibiting modification of the judgment of divorce with respect to any provision which affects spousal support and enjoining the parties from seeking such modification, is deleted, and that branch of the defendant's motion which was to amend the judgment of divorce to prohibit such modification is denied.

The provision of the order and amended judgment which prohibits modification of the judgment of divorce and enjoins the parties from seeking modification is unenforceable, and therefore must be deleted (*see* Domestic Relations Law § 236 [B] [9] [b]; *Heath v Heath,* 128 AD2d 587; *Busetti v Busetti,* 108 AD2d 769; *Pintus v Pintus,* 104 AD2d 866).

However, the plaintiff's application for a downward modification of his maintenance obligation was properly denied without a hearing. In the case of an application for a downward modification of a spousal maintenance obligation set pursuant to a stipulation or a separation agreement, it is the burden of the movant to demonstrate that the continued enforcement of that obligation would create an "extreme hardship" (*Mishrick v Mishrick,* 251 AD2d 558; *see Sheridan v Sheridan,* 225 AD2d 604; *Matter of Zinkiewicz v Zinkiewicz,* 222 AD2d 684; *Didley v Didley,* 194 AD2d 7). A court is required to conduct a hearing to determine whether a modification is warranted *only* when

the movant presents genuine issues of fact (see *Mishrick v Mishrick, supra*; *Soba v Soba,* 213 AD2d 472; *Grimaldi v Grimaldi,* 167 AD2d 443). Since the plaintiff failed to make a prima facie showing of extreme hardship, he was not entitled to a hearing on the issue (see *Mishrick v Mishrick, supra*; *Matter of Zinkiewicz v Zinkiewicz, supra*; *Praeger v Praeger,* 162 AD2d 671).

The plaintiff's remaining contentions are without merit. Santucci, J.P., Florio, Goldstein and Townes, JJ., concur.