■ Shareffa Williams Mahato, Respondent, v Latchmee Persaud Mahato, Appellant. [790 NYS2d 409]—

In a matrimonial action in which the parties were divorced by judgment dated June 20, 2001, the defendant former husband appeals from an order of the Supreme Court, Queens County (Dorsa, J.), dated December 16, 2003, which, without a hearing, denied his motion, inter alia, for downward modification of his child support, maintenance, and equitable distribution obligations pursuant to a stipulation of settlement, which was incorporated but not merged into the divorce judgment.

Ordered that the order is affirmed, with costs.

The Supreme Court properly denied the defendant's motion, inter alia, for a downward modification of his child support, maintenance, and equitable distribution obligations pursuant to the stipulation of settlement, which was incorporated but not merged into the judgment of divorce (*see* Domestic Relations Law § 236 [B] [9] [b]; *Beard v Beard,* 300 AD2d 268 [2002]; *Matter of McKeown v Woessner,* 249 AD2d 396 [1998]). The defendant failed to make a prima facie showing of a substantial change in circumstances with respect to child support, or of extreme hardship with respect to maintenance and equitable distribution, sufficient to warrant a hearing (*see Praeger v Praeger,* 162 AD2d 671, 673 [1990]; *Vinnik v Vinnik,* 295 AD2d 339 [2002]; *Mishrick v Mishrick,* 251 AD2d 558 [1998]).

The defendant's remaining contentions are without merit. Prudenti, P.J., S. Miller, Ritter and Goldstein, JJ., concur.