■ Rose Malaga, Also Known as Rose Colombo, Respondent, v Cesar A. Malaga, Appellant. [794 NYS2d 99]—

In a matrimonial action in which the parties were divorced by judgment dated August 21, 1990, the defendant former husband appeals, as limited by his brief, from so much of an amended judgment of divorce of the Supreme Court, Suffolk County (Pines, J.), entered September 29, 2003, as, upon an order of the same court dated May 21, 2002, made after a hearing, awarded the plaintiff former wife lifetime maintenance in the sum of $2,000 per month.

Ordered that the amended judgment is reversed insofar as appealed from, on the law, without costs or disbursements, and the order is modified accordingly.

The parties were divorced by judgment of the Supreme Court, Suffolk County, dated August 21, 1990, after almost 30 years of

marriage. Incorporated in the judgment, but not merged therein, was their stipulation of settlement which provided, inter alia, that the defendant would pay maintenance to the plaintiff in the sum of $800 per month for a period of eight months. In 1999 the plaintiff filed a motion in the original matrimonial action pursuant to Domestic Relations Law § 236 (B) (9) (b), inter alia, to modify the judgment dated August 21, 1990, so as to award her maintenance. After a psychiatric evaluation and a hearing, the Supreme Court granted that branch of the plaintiff's motion which was to award her maintenance finding that she established "extreme hardship" in that, inter alia, her personality disorder precluded her from being self-supporting. The Supreme Court awarded lifetime maintenance in the sum of $2,000 per month. The amended judgment was entered one year and four months later.

In circumstances where a separation agreement or stipulation of settlement has been incorporated, but not merged, into a judgment of divorce, a court is authorized to modify maintenance obligations even after the term for durational maintenance in the stipulation has expired (*see Sass v Sass,* 276 AD2d 42 [2000]). A court, however, may only grant such a modification, either upward or downward, upon the showing of "extreme hardship" (Domestic Relations Law § 236 [B] [9] [b]; *Sheila C. v Donald C.,* 5 AD3d 123 [2004]; *Busetti v Busetti,* 108 AD2d 769, 771 [1985]).

The record does not support the conclusion of the Supreme Court that the plaintiff established "extreme hardship" (*Lewis v Lewis,* 183 AD2d 875, 876 [1992]; *Pintus v Pintus,* 104 AD2d 866, 868 [1984]). She testified to monthly expenses totaling approximately $750, including a purported $250 per month for groceries, and costs associated with a new car she purchased with the $14,000 net proceeds of a lawsuit that she settled. Her monthly income, including a $989 pension from a former employer, with or without her Social Security payment of $604 and Social Security disability payment of $48, among other subsidies, more than sufficiently covers her outlays. Thus, she failed to prove "extreme hardship" and failed to justify the resumption of the defendant's obligation to pay her maintenance in any amount. Adams, J.P., S. Miller, Crane and Mastro, JJ., concur.