■ Leslie Wynn Miller, Respondent-Appellant, v Matthew Stuart Miller, Appellant-Respondent. [796 NYS2d 97]—

In a matrimonial action in which the parties were divorced by judgment dated May 23, 2001, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Spolzino, J.), entered June 27, 2003, as granted those branches of the plaintiff's motion which were for an award of maintenance and child support arrears to the extent of awarding the plaintiff the sum of $26,141.44, and for an award of an attorney's fee, denied those branches of his cross motion which were to terminate his maintenance obligation and, in effect, for a retroactive downward modification of his child support obligation and for credits therefor for his son and for a downward modification of his child support obligation for his daughter, and denied that branch of his cross motion which was for an award of an attorney's fee, and the plaintiff cross-appeals, as limited by her brief, from so much of the same order as granted those branches of her motion which were for an award of maintenance and child support arrears only to the extent of awarding her the sum of $26,141.44.

Ordered that the order is modified, on the law, by deleting the

provisions thereof (1) granting those branches of the plaintiff's motion which were for an award of arrears in maintenance and child support to the extent of awarding her the sum of $26,141.44, and for an award of an attorney's fee, (2) denying those branches of the defendant's cross motion which were for an award of an attorney's fee, to terminate his maintenance obligation, and for downward retroactive modification of child support; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Westchester County, for further proceedings consistent herewith.

Domestic Relations Law § 236 (B) (9) (b) authorizes the modification of the terms of a separation agreement, such as the one at issue, which was incorporated but not merged into a judgment of divorce, upon a showing of extreme hardship (*see Clark v Clark,* 280 AD2d 575, 576 [2001]; *Mishrick v Mishrick,* 251 AD2d 558 [1998]; *Sheridan v Sheridan,* 225 AD2d 604 [1996]). The court must conduct a hearing to determine whether modification is warranted only when the allegations of the party seeking modification present genuine issues of fact (*see Young v Young,* 223 AD2d 358 [1996]; *Soba v Soba,* 213 AD2d 472 [1995]). Absent a prima facie case establishing entitlement to a downward modification, the party seeking modification has no right to a hearing (*see Mishrick v Mishrick, supra; Lloyd v Lloyd,* 226 AD2d 816 [1996]; *Zinkiewicz v Zinkiewicz,* 222 AD2d 684, 685 [1995]).

Here, the defendant former husband's application for a retroactive downward modification of his support obligations was improperly denied without a hearing since he made a prima facie showing of extreme hardship based on an alleged 50% reduction in his earning capacity due to economic conditions and increased expenses incurred as a consequence of having one of the parties' two children, their son, reside with him while still being obligated to pay the plaintiff child support for that child (*see Soba v Soba, supra; Prisco v Buxbaum,* 275 AD2d 461 [2000]; *Heath v Heath,* 128 AD2d 587 [1987]; *Grimaldi v Grimaldi,* 167 AD2d 443 [1990]).

The Supreme Court erred in determining the amount of support arrears the defendant owed based upon the unverified financial data sheets submitted by the plaintiff (*see Schmeling v Schmeling,* 178 AD2d 999 [1991]; *Nowacki v Nowacki,* 90 AD2d 795, 796 [1982]). Contrary to the plaintiff's contention, it was her burden to establish the amount of arrears she alleged the defendant allegedly owed (*cf. Kent v Kent,* 233 AD2d 258, 260 [1996]). Since it is not possible to determine from the order the

manner in which the court calculated the defendant's maintenance and child support arrears (*see Hartnett v Hartnett,* 281 AD2d 900, 901 [2001]) and in light of the defendant's challenge to the accuracy of the amount of arrears claimed by the plaintiff, the matter must be remitted to the Supreme Court, Westchester County, for a hearing to determine the correct amount of arrears (*see Palladino v Palladino,* 264 AD2d 441, 442 [1999]; *Jenkins v Jenkins,* 260 AD2d 380 [1999]).

As to child support, although the Supreme Court transferred the residential custody of the parties' son from the plaintiff to the defendant and endeavored to readjust the parties' support obligations as a consequence thereof for both children, the Supreme Court improperly calculated the plaintiff's child support obligation for the son based upon her yearly expenses as set forth in her net worth affidavit, as opposed to her most recent federal income tax return, as required under Domestic Relations Law § 240 (1-b) (b) (5) (i) (*see McNally v McNally,* 251 AD2d 302, 303 [1998]; *Linda R.H. v Richard E.H.,* 205 AD2d 498, 500 [1994]). Furthermore, the Supreme Court should have considered the assistance the plaintiff received from her mother when calculating her child support obligation for the son (*see* Domestic Relations Law § 240 [1-b] [b] [5] [iv] [D]; *Mellen v Mellen,* 260 AD2d 609, 609-610 [1999]; *Isaacs v Isaacs,* 246 AD2d 428 [1998]; *Lapkin v Lapkin,* 208 AD2d 474 [1994]). Moreover, we note that the Supreme Court properly found that the defendant was not entitled to retroactive child support credits for the time his son started living with him. The agreement of the parties clearly provided that a change of residential custody could only occur upon either the agreement of the parties or order of the court. Accordingly, the recalculation of child support must commence from June 27, 2003, the date the custodial arrangement was altered by the court.

In view of our determination, consideration of the competing applications for awards of an attorney's fee is premature. Determination of the branches of the respective motions which were for awards of attorney's fees incurred in connection with all matters in which legal services were rendered, should be made by the Supreme Court, Westchester County, following the proceedings directed herein.

The parties' remaining contentions are either unpreserved for appellate review or are without merit. Florio, J.P., Schmidt, Rivera and Lifson, JJ., concur.

