■ HOPE LEWIS, Respondent, v LOGAN LEWIS, Appellant. [841 NYS2d 347]—

In a matrimonial action in which the parties were divorced by judgment entered January 5, 2004, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (McNulty, J.), dated December 21, 2005, as, without a hearing, denied that branch of his motion which was for a downward modification of his maintenance obligation pursuant to a stipulation of settlement, which was incorporated but not merged into the divorce judgment, and granted that branch of the plaintiff's cross motion which was for an award of an attorney's fee.

Ordered that the order is reversed insofar as appealed from, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Suffolk County, for a hearing in accordance herewith and thereafter for a new determination of that branch of the defendant's motion which was for a downward modification of his maintenance obligation and that branch of the plaintiff's cross motion which was for an award of an attorney's fee.

In July 2003 the parties entered into a stipulation of settlement which provided that the defendant husband was to pay the plaintiff wife maintenance in the sum of $1,500 biweekly until August 31, 2003. Thereafter, he was to pay her maintenance in the sum of $1,700 biweekly until December 9, 2006, and then he was to pay her the sum of $1,500 biweekly until June 9, 2009. Thereafter, if the defendant was still employed full-time, he was to pay the plaintiff the sum of $1,500 biweekly less the amount of her Social Security benefit until the defendant was no longer employed full time. The stipulation of settlement was incorporated but not merged into the judgment of divorce entered January 5, 2004.

At the time of the settlement, the defendant was earning an annual salary of $148,000. Ten months later, on October 11, 2004, the defendant was terminated from his employment. He was unemployed until December 2004, when he obtained new employment earning an annual salary of $90,000. Alleging extreme hardship, the defendant moved, inter alia, for a downward modification of his maintenance obligation and the plaintiff cross-moved, among other things, for an award of an

attorney's fee. Without holding a hearing, the Supreme Court, inter alia, denied that branch of the defendant's motion which was for a downward modification of his maintenance obligation on the ground that he failed to demonstrate extreme hardship and the court granted that branch of the plaintiff's cross motion which was for an award of an attorney's fee. We reverse the order insofar as appealed from.

In the case of a motion for downward modification of a spousal maintenance obligation set pursuant to a stipulation or separation agreement, it is the burden of the movant to demonstrate that the continued enforcement of that obligation would create an "extreme hardship" (*Mishrick v Mishrick,* 251 AD2d 558 [1998]; *see Schlakman v Schlakman,* 38 AD3d 640 [2007]; *Mahato v Mahato,* 16 AD3d 386 [2005]; *Vinnik v Vinnik,* 295 AD2d 339 [2002]). A party seeking the modification of an award of maintenance must additionally show that his or her loss of income was unavoidable (*see Zacchia v Zacchia,* 168 AD2d 677 [1990]; *Saxton v Saxton,* 163 AD2d 292 [1990]; *Battista v Battista,* 132 AD2d 639 [1987]). "A court is required to conduct a hearing to determine whether a modification is warranted *only* when the movant presents genuine issues of fact" (*Vinnik v Vinnik, supra* at 339-340; *see Mishrick v Mishrick, supra; Soba v Soba,* 213 AD2d 472, 473 [1995]; *Grimaldi v Grimaldi,* 167 AD2d 443 [1990]). Absent a prima facie demonstration of entitlement to a downward modification, the party seeking modification has no right to a hearing (*see Miller v Miller,* 18 AD3d 629 [2005]; *Mishrick v Mishrick, supra; Matter of Zinkiewicz v Zinkiewicz,* 222 AD2d 684, 685 [1995]).

Here, the defendant made a prima facie showing of extreme hardship (*see Miller v Miller, supra; Soba v Soba, supra*). In his affidavit in support of the motion, the 61-year-old defendant stated that he sustained severe financial hardship when he was unjustly fired, unemployed for two months, and only able to obtain employment at about a 45% reduction in salary. However, the plaintiff stated in her affidavit that the defendant was fired for cause, resided with his girlfriend while he collected additional income from rental property he owned, and was current on his payments to other creditors. The Support Magistrate in a related Family Court enforcement proceeding found, after a hearing, that the circumstances surrounding the defendant's termination of employment were "somewhat clouded" in that his employment records indicated that he was fired for unprofessional conduct while the behavior leading to his termination did not appear to have been a breach of his employer's ethical standards. Since there are genuine issues of fact as to whether the

defendant's reduction in income was unavoidable and whether his current maintenance obligation will cause him extreme hardship, that branch of his motion which was for a downward modification of his maintenance obligation was improperly denied without a hearing on these issues (*see Miller v Miller, supra; Soba v Soba, supra*).

In light of the Supreme Court's error in denying the aforementioned branch of the defendant's motion without conducting a hearing, the court also erred in granting that branch of the plaintiff's cross motion which was for an award of an attorney's fee. Accordingly, the matter must be remitted for a hearing on that branch of the defendant's motion which was for a downward modification of his maintenance obligation and thereafter for a new determination of that branch of the defendant's motion and of that branch of the plaintiff's cross motion which was for an award of an attorney's fee. Miller, J.P., Mastro, Lifson and Carni, JJ., concur.