■ AMY B. DAVID, Respondent, v ROBERT B. DAVID, Appellant. [864 NYS2d 76]—

In a matrimonial action in which the parties were divorced by judgment entered December 23, 2004, the defendant former husband appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Diamond, J.), dated March 16, 2007, as denied, without a hearing, those branches of his motion which were for downward modification of his maintenance and child support obligations as provided in a stipulation of settlement dated June 14, 2004, which was incorporated but not merged into the judgment of divorce, and granted those branches of the plaintiff former wife's cross motion which were for an award of unreimbursed medical expenses in the sum of $604.35 and for an award of attorney's fees to the extent of awarding the sum of $1,500.

Ordered that the order is reversed insofar as appealed from, on the law and in the exercise of discretion, with costs, and the matter is remitted to the Supreme Court, Nassau County, for a hearing and new determination with respect to those branches of the defendant's motion which were for downward modification of his maintenance and child support obligations and those branches of the plaintiff's cross motion which were for unreimbursed medical expenses in the sum of $604.35 and for an award of attorney's fees.

If the party seeking modification of his or her maintenance or child support obligations presents genuine issues of fact regarding his or her entitlement to a downward modification, then the

court must conduct a hearing to determine whether modification is warranted (*see Miller v Miller*, 18 AD3d 629, 630 [2005]; *Soba v Soba*, 213 AD2d 472, 473 [1995]).

In his affidavit in support of his motion, the defendant stated that he sustained substantial and severe financial hardship when he was unexpectedly forced out of his job after 23 years of employment and was able to obtain new employment only at a sizeable reduction in salary. The defendant's allegations were supported by the financial statements of his former employer, stating that as of the end of 2005 "[s]hould management's plans not be successful in increasing cash flow, the Company may not be able to continue as a going concern," which established a genuine issue of fact. Accordingly, those branches of the defendant's motion which were for a downward modification of his maintenance and child support obligations were improperly denied without a hearing (*see Lewis v Lewis*, 43 AD3d 462, 464 [2007]; *Soba v Soba*, 213 AD2d at 473).

In addition, the Supreme Court erred in awarding to the plaintiff the sum of $604.35, representing the defendant's one-half share of certain unreimbursed medical expenses, without conducting a hearing as to whether the subject medical expenses resulted from a nonemergency situation, in which case the defendant's obligation to reimburse the plaintiff for the expense will be limited pursuant to the terms of the parties' stipulation of settlement.

A determination of whether the plaintiff should be awarded counsel fees pursuant to Domestic Relations Law § 237 (b) (*see Reiff v Reiff*, 240 AD2d 646 [1997]) must await a new determination with respect to "circumstances of the case and of the respective parties" (Domestic Relations Law § 237 [b]), including the defendant's true financial status in relation to the plaintiff (*see Schek v Schek*, 49 AD3d 625 [2008]). Skelos, J.P., Santucci, Balkin and Chambers, JJ., concur.