CHARLES ROCKWELL, Respondent, v PAN ROCKWELL, Appellant. [903 NYS2d 119]—

In a matrimonial action in which the parties were divorced by judgment dated September 27, 1982, the defendant former wife appeals from so much of an order of the Supreme Court, Suffolk County (McNulty, J.), dated July 27, 2009, as, without a hearing, denied her motion for an upward modification of the plaintiff former husband's maintenance obligation pursuant to the parties' separation agreement, which was incorporated but not merged into the judgment of divorce.

Ordered that the order is affirmed insofar as appealed from, with costs.

In circumstances where a separation agreement has been incorporated, but not merged, into a judgment of divorce, a court is authorized to modify maintenance obligations even after the term for durational maintenance in the agreement has expired (*see* Domestic Relations Law § 236 [B] [9] [b]; *Malaga v Malaga*, 17 AD3d 642, 643 [2005]; *Sass v Sass*, 276 AD2d 42, 43 [2000]). However, a court may only grant such a modification upon the movant's showing of "extreme hardship" (Domestic Relations Law § 236 [B] [9] [b]; *see Lewis v Lewis*, 43 AD3d 462, 463 [2007]; *Malaga v Malaga*, 17 AD3d at 643; *Steinberg v Steinberg*, 15 AD3d 388 [2005]; *Lewis v Lewis*, 183 AD2d 875,

876 [1992]; *Zacchia v Zacchia*, 168 AD2d 677, 678 [1990]; *Saxton v Saxton*, 163 AD2d 292 [1990]; *Pintus v Pintus*, 104 AD2d 866, 868 [1984]). Here, the defendant did not make the required showing of extreme hardship. Her net worth statement, provided in support of her motion for an upward modification, shows that she has no debt, her monthly income exceeds her monthly expenses, and she has significant savings in her bank account. Thus, the defendant failed to justify a resumption of the plaintiff's obligation to pay her maintenance in any amount, which obligation expired.

Furthermore, " '[a] court is required to conduct a hearing to determine whether a modification is warranted *only* when the movant presents genuine issues of fact' " (*Lewis v Lewis*, 43 AD3d at 463, quoting *Vinnik v Vinnik*, 295 AD2d 339, 339-340 [2002]; *see Wyser-Pratte v Wyser-Pratte*, 66 NY2d 715, 717 [1985]; *Mishrick v Mishrick*, 251 AD2d 558 [1998]; *Grimaldi v Grimaldi*, 167 AD2d 443 [1990]). Absent a prima facie showing of entitlement to a modification, the party seeking modification has no right to a hearing (*see Lewis v Lewis*, 43 AD3d at 463; *Miller v Miller*, 18 AD3d 629, 630 [2005]; *Mishrick v Mishrick*, 251 AD2d at 558). Since the defendant failed to make a prima facie showing of extreme hardship, she was not entitled to a hearing. Rivera, J.P., Balkin, Leventhal and Roman, JJ., concur.