■ JAMES CASHIN, Respondent, v MAUREEN CASHIN, Appellant. [913 NYS2d 321]—

In a matrimonial action in which the parties were divorced by judgment dated December 11, 2006, the defendant former wife appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (McNulty, J.), dated September 8, 2009, as denied her motion for an award of maintenance and an upward modification of the child support obligation of the plaintiff former husband, and for an award of an attorney's fee.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff former husband (hereinafter the plaintiff) and the defendant former wife (hereinafter the defendant) were married on October 5, 1984. They later separated, and entered into a stipulation of settlement on May 9, 2006. According to the stipulation, which was, in effect, a separation agreement, the defendant had an income of approximately $25,000 per year, while the plaintiff earned approximately $53,000 per year. The defendant waived maintenance, stating that she was self-supporting. The stipulation required the plaintiff to pay the defendant the sum of $1,100 per month in child support for their unemancipated son, and the couple agreed to equally divide the son's health care expenses. The couple was divorced by a judgment dated December 11, 2006, which incorporated, but did not merge the stipulation of settlement.

In May 2009 the defendant moved for an upward modification of the plaintiff's child support and health care payments, and for an award of maintenance. In her affidavit, the defendant asserted that she suffered from fibromyalgia, chronic fatigue syndrome, Hashimoto's disease (a type of thyroid disorder), anxiety, and depression, as well as chronic pain. She stated that she met the Social Security Administration's requirements to be classified as disabled, and submitted a doctor's report and a letter from the Social Security Administration to document these conditions. The defendant also asserted that she receives the sum of $1,018 per month in Social Security disability insurance

benefits, but pays only $300 per month in rent because she lives with a friend. She also asserted that the parties' son suffered from anxiety, panic attacks, germ phobias, and obsessive-compulsive disorder. The defendant submitted a spreadsheet outlining the son's medical expenses, which totaled $120 per month for various physicians' visits and prescriptions.

In an order dated September 8, 2009, the Supreme Court denied the defendant's motion for an award of maintenance and an increase in the plaintiff's child support obligation, finding that she had established neither extreme hardship, nor an unforeseen change in circumstances. The defendant appeals, and we affirm the order insofar as appealed from.

The motion court must apply the standard of extreme hardship "when disposing of an application to modify the maintenance provision of a divorce judgment which incorporates but does not merge therein the terms of a stipulation of settlement" (*Matter of Cohen v Seletsky*, 142 AD2d 111, 119 [1988]; *see also Mahato v Mahato*, 16 AD3d 386 [2005]). Here, the defendant failed to demonstrate such extreme hardship (*see Rockwell v Rockwell*, 74 AD3d 1045 [2010]; *Malaga v Malaga*, 17 AD3d 642, 643 [2005]; *Pintus v Pintus*, 104 AD2d 866, 868 [1984]; *cf. Matter of Alexander v Alexander*, 203 AD2d 949, 950 [1994]).

Where the parties provide for child support in a separation agreement, the Supreme Court should assume that they have anticipated and adequately provided for the child's future needs (*see Matter of Gravlin v Ruppert*, 98 NY2d 1, 5 [2002]; *Matter of Boden v Boden*, 42 NY2d 210, 212-213 [1977]). "However, the needs of a child must take precedence over the terms of the agreement when it appears that the best interests of the child are not being met" (*Matter of Gravlin v Ruppert*, 98 NY2d at 5). "Unless there has been an unforeseen change in circumstances and a concomitant showing of need, an award for child support in excess of that provided for in the separation agreement should not be made based solely on an increase in cost where the agreement was fair and equitable when entered into" (*Matter of Boden v Boden*, 42 NY2d at 213). Nor will the courts grant an increase in child support based solely upon a parent's increased income (*see Engel v Jacobs*, 297 AD2d 657, 658 [2002]). Here, the defendant failed to demonstrate an unforeseen change in circumstances sufficient to warrant an increase in child support.

The Supreme Court providently exercised its discretion in denying the defendant's request for an award of an attorney's fee (*see Clifford v Pierce*, 214 AD2d 697, 698 [1995]).

The defendant's remaining contentions are without merit. Skelos, J.P., Covello, Balkin and Sgroi, JJ., concur.