Allen v Allen (2021 NY Slip Op 03568)





Allen v Allen


2021 NY Slip Op 03568


Decided on June 9, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 9, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
CHERYL E. CHAMBERS
SYLVIA O. HINDS-RADIX
ANGELA G. IANNACCI, JJ.


2018-11924
 (Index No. 203237/10)

[*1]Linda Allen, respondent, 
v
Peter Allen, appellant.


Steven W. Wolfe, New York, NY, for appellant.
Linda Allen, Woodbury, NY, respondent pro se.



DECISION & ORDER
In a matrimonial action in which the parties were divorced by judgment entered October 9, 2012, the defendant appeals from an order of the Supreme Court, Nassau County (Stacy D. Bennett, J.), entered June 7, 2018. The order, insofar as appealed from, denied, without a hearing, the defendant's motion for a downward modification of his maintenance obligation, granted that branch of the plaintiff's motion which was for an award of counsel fees, and awarded the plaintiff the sum of $15,000 in counsel fees.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The parties entered into a stipulation of settlement dated May 5, 2012, which was incorporated but not merged into a judgment of divorce entered October 9, 2012. The plaintiff thereafter moved, inter alia, to hold the defendant in contempt for his alleged lack of compliance with the stipulation of settlement, and for an award of counsel fees. The defendant moved for a downward modification of his maintenance obligation. In response to the plaintiff's motion, on January 31, 2018, the defendant signed an affidavit of confession of judgment in favor of the plaintiff. The plaintiff's attorney subsequently submitted an affirmation in support of the plaintiff's request for counsel fees, which the defendant opposed.
In an order entered June 7, 2018, the Supreme Court, inter alia, denied, without a hearing, the defendant's motion for a downward modification of his maintenance obligation, granted that branch of the plaintiff's motion which was for an award of counsel fees, and awarded the plaintiff the sum of $15,000 in counsel fees. The defendant appeals, and we affirm.
Contrary to the defendant's contention, the Supreme Court did not err when it denied his motion for a downward modification of his maintenance obligation without a hearing. "If the party seeking modification of his or her maintenance . . . obligation[ ] presents genuine issues of fact regarding his or her entitlement to a downward modification, then the court must conduct a hearing to determine whether modification is warranted" (David v David, 54 AD3d 714, 714-715). "Absent a prima facie demonstration of entitlement to a downward modification, the party seeking modification has no right to a hearing" (Lewis v Lewis, 43 AD3d 462, 463). Here, a hearing was not required, as the defendant failed to present a genuine issue of fact (see Sonkin v Sonkin, 137 AD3d 635).
The Supreme Court providently exercised its discretion in awarding the plaintiff the sum of $15,000 in counsel fees. "'Where the parties have agreed to provisions in a settlement agreement which govern the award of attorney's fees, the agreement's provisions, rather than statutory provisions, control'" (Nielson v Nielson, 185 AD3d 946, 947, quoting Sweeney v Sweeney, 71 AD3d 989, 992). Here, the parties' stipulation of settlement provides for an award of reasonable attorney's fees where, as here, a default by one party results in a judgment in favor of the other party. There is no dispute that the plaintiff's contempt motion resulted in a confession of judgment in her favor, and there is nothing in the record to indicate that the award of counsel fees was unreasonable.
Accordingly, we affirm the order entered June 7, 2018, insofar as appealed from.
LASALLE, P.J., CHAMBERS, HINDS-RADIX and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court