Chiusano-Koch v Koch (2023 NY Slip Op 01177)

Chiusano-Koch v Koch

2023 NY Slip Op 01177

Decided on March 8, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 8, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
ROBERT J. MILLER
LINDA CHRISTOPHER
JANICE A. TAYLOR, JJ.

2020-07834
 (Index No. 2477/13)

[*1]June Chiusano-Koch, appellant,
v
Douglas K. Koch, respondent.

Meth Law Offices, P.C., Chester, NY (Michael D. Meth of counsel), for appellant.
Rametta & Rametta, LLC, Goshen, NY (Robert M. Rametta of counsel), for respondent.

DECISION & ORDER
In a matrimonial action in which the parties were divorced by judgment dated September 10, 2013, the plaintiff appeals from an order of the Supreme Court, Orange County (Victoria B. Campbell, J.), dated September 4, 2020. The order denied, without a hearing, the plaintiff's motion for a modification of the defendant's maintenance obligation.
ORDERED that the order is affirmed, with costs.
The parties, who were married on October 27, 1990, entered into a stipulation of settlement (hereinafter the stipulation), dated July 19, 2013, whereby they agreed that the defendant would pay the plaintiff maintenance in the amount of $30,000 per year for a period of eight years or until the earliest happening of the death of either party or the plaintiff's remarriage. The stipulation was incorporated but not merged into a judgment of divorce dated September 10, 2013.
Approximately one year before the end of the eight-year period, the plaintiff moved to modify the maintenance obligation set forth in the stipulation by extending the defendant's maintenance obligation for an additional seven years. The Supreme Court denied the motion without a hearing. The plaintiff appeals.
Where a separation agreement has been incorporated, but not merged, into a judgment of divorce, a court is authorized to modify maintenance obligations, even after the term for durational maintenance in the agreement has expired (see Domestic Relations Law § 236[B][9][b]; Rockwell v Rockwell, 74 AD3d 1045, 1045-1046). However, a court may only grant such a modification upon the movant's showing of "extreme hardship" (Domestic Relations Law § 236[B][9][b]; see Rockwell v Rockwell, 74 AD3d at 1045-1046; Lewis v Lewis, 43 AD3d 462, 463; Malaga v Malaga, 17 AD3d 642, 643). Absent a prima facie demonstration of entitlement to a modification, the party seeking modification has no right to a hearing (see Allen v Allen, 195 AD3d 669, 670; Lewis v Lewis, 43 AD3d at 463).
Here, the plaintiff failed to make the required showing of extreme hardship. Among other things, the parties' submissions demonstrate that the plaintiff has been employed in the same job for the last 15 years, earns additional income from a second job, and has a relatively substantial [*2]amount of liquid assets. Although the plaintiff claims that an accident-related medical condition limits her ability to work, the accident occurred, and the injuries manifested, six years prior to her execution of the stipulation whereby she agreed to durational maintenance for a period of eight years (cf. Lewis v Lewis, 43 AD3d at 463).
The defendant's remaining contentions either are without merit or need not be reached in light of the foregoing.
Accordingly, the Supreme Court properly denied, without a hearing, the plaintiff's motion for a modification of the defendant's maintenance obligation
RIVERA, J.P., MILLER, CHRISTOPHER and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court