■ SHEILA C., Respondent, v DONALD C., Appellant. [773 NYS2d 22]—

Order, Family Court, New York County (Susan Larrabee, J.), entered on or about June 16, 2003, which denied respondent Donald C.'s objections to the order of Hearing Examiner Nicholas J. Palos, entered on or about February 14, 2003, which, inter alia, reduced the amount of respondent's maintenance obligation for only one year and extended its previously agreed upon duration, unanimously modified, on the law and the facts, to grant respondent's objections to the extent of reinstating that portion of the parties' stipulation regarding the end date of respondent's maintenance obligation, without prejudice to petitioner Sheila C.'s right to petition for a modification upon a showing that terminating maintenance payments in October 2009 would cause her extreme hardship, and otherwise affirmed, without costs.

To obtain modification of the maintenance aspect of a stipulation that has been incorporated but not merged into a divorce judgment, a party must show extreme hardship, not merely a substantial change in circumstances (*see* Domestic Relations

Law § 236 [B] [9] [b]; *Matter of Cohen v Seletsky*, 142 AD2d 111, 118-119 [1988]). Respondent satisfied the extreme hardship standard. However, because he did not prove that his income would never recover, his request for a permanent reduction of his maintenance obligation was properly denied (*see Pintus v Pintus*, 104 AD2d 866, 869 [1984]). If respondent's extreme financial hardship persists at the end of the period for which he has been granted a downward modification, he may make a further application for such relief.

Contrary to respondent's assertion, the court has the authority to increase the duration of a maintenance obligation (*see e.g.* Domestic Relations Law § 236 [B] [9] [b]; *Popack v Popack*, 179 AD2d 746 [1992], *lv denied* 83 NY2d 754 [1994]). However, the Hearing Examiner's assumption that Sheila gave up marital property or "perks" in return for longer or higher maintenance, which formed the basis for his decision to extend respondent's maintenance obligation, is not supported by the record.

The purpose of maintenance is to give the recipient spouse a sufficient period to become self-supporting (*see e.g. Sperling v Sperling*, 165 AD2d 338, 343 [1991]). Petitioner's contention that the aneurysm she sustained in 1997 has left her permanently unable to support herself is unsupported by the existing record. Indeed, we note that subsequent to her aneurysm, in 2000, petitioner accepted an in-court stipulation pursuant to which she was entitled to maintenance for only 10 years. This does not, however, preclude petitioner from obtaining a modification of the previously agreed upon support obligation upon a new, properly supported application. Concur—Tom, J.P., Andrias, Sullivan and Friedman, JJ.