evidence of an uncharged crime. Since defendant objected to this evidence on different grounds from those raised on appeal, his present claim is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits. This evidence linked defendant to the crime because the container matched a container used in making the undercover sale, and it was not unduly prejudicial.

We perceive no basis for reducing the sentence. Concur—Saxe, J.P., Friedman, Acosta, DeGrasse and Richter, JJ.

■ LAURA GORDON, Respondent, v DANIEL GORDON, Appellant. [918 NYS2d 343]—

Defendant demonstrated neither extreme hardship to warrant a downward modification of his maintenance obligations (*see Sheila C. v Donald C.*, 5 AD3d 123 [2004]; Domestic Relations Law § 236 [B] [9] [b] [1]), nor a substantial, unanticipated and unreasonable change in his circumstances necessitating a reduction in child support (*see* Domestic Relations Law § 236 [B] [9] [b] [2] [i]; *Matter of Boden v Boden*, 42 NY2d 210, 212-213 [1977]). The motion court's skepticism of defendant's statements reflect the gaps in his evidence, rather than any bias against him. Furthermore, contrary to defendant's contention, a hearing on the motion was not required in light of his inability to raise a genuine question of fact (*see Young v Young*, 223 AD2d 358 [1996]). Concur—Saxe, J.P., Friedman, Acosta, DeGrasse and Richter, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL TILLMAN, Appellant. [918 NYS2d 48]—

Concur—Saxe, J.P., Friedman, Acosta, DeGrasse and Richter, JJ.

■ In the Matter of BRYANT M., a Person Alleged to be a Juvenile Delinquent, Appellant. [918 NYS2d 344]—