*511 Order, Family Court, Bronx County (Alma Cordova, J.), entered on or about May 4, 2012, insofar as it denied respondent father’s objection to an order, same court (Mary Elizabeth Neggie, S.M.), entered on or about February 21, 2012, denying his petition for downward modification of the parties’ child support order, unanimously affirmed, without costs. Appeal from so much of the May 4, 2012 order as disposed of respondent’s objection to a second order, same court and Support Magistrate, entered on or about February 21, 2012, which marked the mother’s violation/enforcement petition off the calendar as of October 7, 2010, by remanding the matter to the Support Magistrate for “an appropriate disposition . . . , keeping in mind that a money judgment has already been issued under the petition,” unanimously dismissed, without costs, as nonappealable.
The court properly denied the father’s objection with respect to his petition for a downward modification, since he failed to comply with the Support Magistrate’s orders directing him to provide documents supporting his claim that his financial circumstances had changed for the worse (see Family Ct Act § 451 [2]; Matter of Boden v Boden, 42 NY2d 210, 213 [1977]; Gordon v Gordon, 82 AD3d 509 [1st Dept 2011]). The court properly found that the record was bereft of evidence that the Support Magistrate was biased or prejudiced against the father or that she acted improperly, and her skepticism appears to reflect the father’s gaps in proof, rather than bias.
The portion of the order appealed addressing the mother’s violation/enforcement petition did not finally resolve that issue and, thus, is not appealable (see CPLR 5701 [a] [1], [2]; Family Ct Act § 1112).
Concur — Acosta, J.E, Ren wick, Feinman and Clark, JJ.