■ STACY SONKIN, Respondent, v PAUL SONKIN, Appellant. [28 NYS3d 361]—

Order, Supreme Court, New York County (Lori S. Sattler, J.), entered on or about March 17, 2015, which, to the extent appealed from as limited by the briefs, denied defendant husband's motion for a downward modification of his maintenance and child support obligations, and granted plaintiff wife's cross motion for a wage garnishment in accordance with CPLR 5242, and for counsel fees, unanimously affirmed, without costs.

Defendant failed to demonstrate the extreme hardship necessary to obtain modification of the maintenance obligations contained in the parties' stipulation of settlement, which was incorporated but not merged into the parties' divorce judgment (*see* Domestic Relations Law § 236 [B] [9] [b] [1]; *Sheila C. v Donald C.*, 5 AD3d 123 [1st Dept 2004]). Nor did he demonstrate a substantial, unanticipated and unreasonable change in his circumstances to warrant a reduction in the child support obligations contained in the stipulation (*Gordon v Gordon*, 82 AD3d 509, 509 [1st Dept 2011]; *see* Domestic Relations Law § 236 [B] [9] [b] [2] [i]). Defendant failed to fully disclose his assets and income, and he failed to show how he purportedly dissipated his assets since the time of his prior motion for a downward modification. A hearing was not required, since defendant failed to raise a genuine question of fact (*Gordon*, 82 AD3d at 509).

Given defendant's failure to pay maintenance and child support in breach of the stipulation, as well as his failure to express any intention to comply with those obligations, the motion court properly determined that plaintiff is entitled to collect arrears via a wage deduction order pursuant to CPLR 5242 and to use the Support Collection Unit to collect all child support and maintenance due under the judgment of divorce.

The motion court providently exercised its discretion in awarding counsel fees, which were reasonable under the circumstances (*see DeCabrera v Cabrera-Rosete*, 70 NY2d 879, 881 [1987]; *Morken v Morken*, 292 AD2d 431 [2d Dept 2002]). Pursuant to the terms of the stipulation, plaintiff is entitled to counsel fees, given defendant's breach and his multiple, unsuccessful attempts to void or rescind the support provisions contained in the stipulation.

We have considered defendant's remaining arguments and

find them unavailing. Concur—Tom, J.P., Friedman, Saxe and Richter, JJ.