Sonkin v Sonkin (2018 NY Slip Op 00011)





Sonkin v Sonkin


2018 NY Slip Op 00011


Decided on January 2, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 2, 2018

Manzanet-Daniels, J.P., Mazzarelli, Andrias, Gesmer, Oing, JJ.


5323 651480/16

[*1]Paul Sonkin, Plaintiff-Appellant,
v
Stacy Sonkin, Defendant-Respondent.


Paul F. Condzal, New York, for appellant.
The Isaacs Firm PLLC, New York (Randi S. Isaacs of counsel), for respondent.



Order and judgment (one paper), Supreme Court, New York County (Lori S. Sattler, J.), entered October 31, 2016, to the extent appealed from, dismissing the complaint, unanimously affirmed, with costs. A sanction is imposed upon plaintiff in the amount of $5,000, which amount shall be deposited with the Clerk of the Court for transmittal to the Commissioner of Taxation and Finance, for engaging in frivolous conduct. A sanction is imposed upon plaintiff's attorney, Paul F. Condzal, in the amount of $5,000, payable to the Lawyers' Fund for Client Protection, for frivolous appellate practice. The Clerk is directed to enter judgment in accordance with 22 NYCRR 130-1.2 against plaintiff and counsel in those amounts.
Plaintiff seeks to invalidate and vacate the parties' divorce judgment on the ground that defendant did not personally sign an updated statement of net worth and the stipulation of settlement that was eventually incorporated but not merged into the judgment.
Plaintiff contends that there were no documents before the motion court to warrant dismissal based on documentary evidence pursuant to CPLR 3211(a)(1). However, the court cited the documentary evidence that was proffered and upon which it relied, including the challenged documents themselves. These documents are valid on their face and in any event have been ratified by the parties (see Achache v Och, 128 AD3d 563 [1st Dept 2015]). The documents serve as a complete defense to plaintiff's causes of action.
The court also correctly dismissed the complaint pursuant to CPLR 3211(a)(7) for failure to state a cause of action. The court was not required to accept as true, factual allegations that were conclusory, inherently incredible, or speculative (Erich Fuchs Enters. v American Civ. Liberties Union Found., Inc., 95 AD3d 558 [1st Dept 2012]). Nor does the complaint meet the requirement that for a cause of action based on fraud "the circumstances constituting the wrong shall be stated in detail" (CPLR 3016[b]; see also CPLR 5015[a][3]). Indeed, it contains no allegations at all of fraud or similar misconduct.
We grant defendant's request that we impose sanctions upon plaintiff and his counsel (22 NYCRR 130-1.1[a]). The action below, and the appeal before us now, both of which counsel prosecuted, are plainly without merit (22 NYCRR 130-1.1[c][1]). Moreover, this appeal constitutes plaintiff's third unsuccessful challenge in this Court to the stipulation of settlement, which the parties entered into in 2012 (see Sonkin v Sonkin, 137 AD3d 635 [1st Dept 2016]; Sonkin v Sonkin, 117 AD3d 479 [1st Dept 2014]). In our 2016 decision and order, which affirmed, inter alia, an award of counsel fees to defendant, we held that the award was proper based in part on plaintiff's "multiple, unsuccessful attempts to void or rescind the support provisions contained in the stipulation" (Sonkin, 137 AD3d at 636). Where a matrimonial litigant engages in a "relentless campaign to prolong th[e] litigation," sanctions in this Court are appropriate
(Heilbut v Heilbut, 18 AD3d 1, 8 [1st Dept 2005]; 22 NYCRR 130-1.1[c][2]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 2, 2018
CLERK