Matter of Susan A. v Christopher O. (2020 NY Slip Op 03284)





Matter of Susan A. v Christopher O.


2020 NY Slip Op 03284


Decided on June 11, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 11, 2020

Friedman, J.P., Mazzarelli, Gesmer, Singh, González, JJ.


44460 11641A 11641 10/18S

[*1] In re Susan A., Petitioner-Appellant,
v
Christopher O., Respondent-Respondent.


Susan A., appellant pro se.



Order, Family Court, New York County (Clark V. Richardson, J.), entered on or about September 27, 2018, which denied petitioner's objections to the findings of the Support Magistrate that Family Court lacked continuing jurisdiction over a 2011 child support order, and dismissed the petition for upward modification of the child support order, and order, same court and Judge, entered on or about December 28, 2018, which denied petitioner's objections to the Support Magistrate's order, and dismissed her petition for failure to show a change of circumstances, unanimously affirmed, without costs.
Respondent resides in Texas. It is undisputed that petitioner and the child no longer resided in New York by January 17, 2017. Petitioner failed to show that she or the child resided here when the June 5, 2018 petition was filed (see Matter of Deazle v Miles, 77 AD3d 660, 662-663 [2d Dept 2010]). The month-to-month lease that petitioner showed to the Support Magistrate during the August 2018 modification hearing was not entered into evidence and is not included in the record. Even if a month to month lease commencing June 1, 2018 (as petitioner claims) were in the record, that would be insufficient to establish that she or the child were New York State residents as a matter of law when the June 5, 2018 petition was filed, since neither such a document nor any evidence admitted at the hearing demonstrates a significant connection within this state "as the result of living [here] for some length of time during the course of a year" (Wittich v Wittich, 210 AD2d 138, 139 [1st Dept 1994] [internal quotation marks omitted]). In fact, the evidence presented during the hearing indicated that petitioner and the child were residents of Rhode Island.
Even if respondent consented to New York's continuing jurisdiction by filing his own modification petition (see Family Ct Act § 580-205[a][2]), no competent evidence was adduced as to the child's financial needs, as required to establish a change of circumstances to warrant an upward modification (see Matter of Brescia v Fitts, 56 NY2d 132, 140-141 [1982]; Matter of Fensterheim v Fensterheim, 55 AD2d 516, 516-517 [1st Dept 1976]).
Contrary to petitioner's contention, the October 6, 2018 petition was properly dismissed without a hearing because she submitted no additional evidence regarding her or the child's residency, or as to how the child's needs were not being met (see Matter of Loveless v Goldbloom, 141 AD3d 662, 663 [2d Dept 2016]).
Petitioner failed to preserve her contention that Family Court harbored a bias against her (see Matter of Maureen H. v Samuel G., 104 AD3d 470, 471 [1st Dept 2013]). In any event, petitioner failed to sustain her burden to establish that the court's rulings were the result of a bias [*2]against her, as the record shows that the court's skepticism of her claims reflects gaps in the proof (see Matter of Lourdes G. v Julio P., 115 AD3d 510, 511 [1st Dept 2014], lv denied 24 NY3d 1051 [2014]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 11, 2020
CLERK