Weinig v Weinig (2021 NY Slip Op 05471)





Weinig v Weinig


2021 NY Slip Op 05471


Decided on October 12, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 12, 2021

Before: Renwick, J.P., Kern, Oing, Mendez, Rodriguez, JJ. 


Index No. 309753/17 Appeal No. 14340 Case No. 2021-01881 

[*1]Jacob Weinig, Plaintiff-Appellant,
v
Emily Weinig, Defendant-Respondent.


Warshaw Burstein, LLP, New York (Neena Tankha of counsel), for appellant.
Schwartz Sladkus Reich Greenberg Altlas, LLP, New York (Barry Abbott of counsel), for respondent.



Order, Supreme Court, New York County (Michael L. Katz, J.) entered April 5, 2021, which to the extent appealed from, denied plaintiff-husband's motion for downward modification of his spousal and child support obligations and responsibility for 100% of the children's add-on expenses as set forth in the parties' stipulation of settlement, rescission of his obligation to make the second payment of defendant-wife's distributive award under that stipulation, and awarding him counsel fees on his motion, unanimously affirmed, without costs.
The motion court providently denied, without a hearing, the husband's request for downward modification of his support obligations because he failed to raise an issue of fact as to whether the collapse of the hedge fund, where he worked and which he partially owned, which resulted in his unemployment and allegedly diminished assets, substantially changed his circumstances or caused him extreme hardship (see generally Domestic Relations Law [DRL] § 236[B][9][b][1], [2][i]; Sonkin v Sonkin, 137 AD3d 635, 636 [1st Dept 2016]; Gordon v Gordon, 82 AD3d 509, 509 [1st Dept 2011]). The husband's assertion that he had applied to, and interviewed for, just one position after the hedge fund collapsed did not show that he was diligently seeking commensurate employment or indeed, any employment (see Beard v Beard, 300 AD2d 268, 269 [2d Dept 2002]). Even in the context of the Covid-19 pandemic and the publicity surrounding the hedge fund collapse, he did not sufficiently demonstrate that he was unable to find employment or that he was facing extreme hardship.
The husband was not entitled to rescind the second payment of the wife's distributive award under the doctrine of frustration of purpose (see generally PPF Safeguard, LLC v BCR Safeguard Holding, LLC, 85 AD3d 506, 508 [1st Dept 2011]). "Marital settlement agreements are judicially favored and are not to be easily set aside" (Simkin v Blank, 19 NY3d 46, 52 [2012]). Generally, attempts "to reopen a settlement agreement based on post-divorce changes in asset valuation" have been denied by the courts (id. at 55 [dismissing action seeking reformation or rescission based on mutual mistake concerning value of marital asset, which turned out to be worthless when Madoff Ponzi scheme was revealed]). According to its plain language, the purpose of the parties' stipulation was to settle the remaining issues in their matrimonial action—equitable distribution and support. The fact that the parties' interest in the hedge fund, perhaps their most valuable asset, lost its value does not frustrate that broad purpose. Moreover, although the specific sum of the distributive award makes less sense in light of the hedge fund's lost value, it cannot be said that the hedge fund's lost value makes the entire stipulation, or the distributive award, nonsensical (see Center for Specialty Care, Inc. v CSC Acquisition I, LLC, 185 AD3d 34, 42 [1st Dept 2020]). Further, the husband, who was most familiar [*2]with the hedge fund's holdings and financial markets generally, cannot reasonably argue that the hedge fund's shuttering was entirely unforeseeable or that the parties' stipulation could not make provisions in the case of the hedge fund's closure (see id. at 43).
The motion court providently exercised its discretion in denying the husband's request for counsel fees on his motion. The husband failed to establish that he was now the less-monied spouse, and the circumstances of this case do not indicate that justice required an award of counsel fees to the husband (DRL 237[b]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 12, 2021