Amley v Amley (2021 NY Slip Op 05808)





Amley v Amley


2021 NY Slip Op 05808


Decided on October 26, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 26, 2021

Before: Gische, J.P., Webber, Mazzarelli, Shulman, Pitt, JJ. 


Index No. 307907/13 Appeal No. 14496 Case No. 2020-03665 

[*1]Edward A. Amley, Jr., Plaintiff-Appellant,
v
Xixi Yin Amley Also Known as Xixi Yin Defendant-Respondent.


Barton LLP, New York (Julia Maxfield of counsel), for appellant.
Xixi Yin Amley, respondent pro se.



Order, Supreme Court, New York County (Kelly O'Neill Levy, J.), entered August 7, 2020, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion for downward modification of his child support obligations, unanimously affirmed, without costs.
Plaintiff failed to show that a modification of his child support obligations was warranted by a substantial change in circumstances since the relevant support order was entered (Domestic Relations Law § 236[B][9][b][2][i]; see Matter of Scott S.,189 AD3d 651 [1st Dept 2020]; Matter of Gratton v Gratton, 162 AD3d 1502, 1503 [4th Dept 2018]). Plaintiff based his motion (and numerous previous modification motions, which were denied and for which plaintiff was eventually sanctioned) on the November 2017 termination of his employment which had occurred before the relevant support order was entered.
Moreover, plaintiff's submissions to this Court only raise questions about his actual financial circumstances. For instance, his appellate brief fails to mention his own previous admission, as reflected in an October 2019 order, that his 2018 income was not, as he now contends, $20,115, but instead was approximately $100,550. He is similarly silent about his start-up legal practice, which was referred to in several prior orders in this case, and the fact, found by the court in its October 2019 order, that one of the condominiums he owns generates rental income.
Plaintiff also failed to show that a downward modification of his child support obligations was warranted by a decrease of more than 15% in his gross income (Domestic Relations Law § 236B[9][b][2][ii][B]; see Matter of Jurgita C. v Manuel O., 176 AD3d 402 [1st Dept 2019]). The court properly considered the totality of plaintiff's financial circumstances, i.e., his income at the time of his motion, as well as his potential earning capacity based on his prestigious educational credentials and extensive professional experience and his ownership of the condominiums (see e.g. Scott S., 189 AD3d 651; Sonkin v Sonkin, 137 AD3d 635 [1st Dept 2016]; Matter of Bianca J. v Dwayne A., 105 AD3d 574 [1st Dept 2013]).
We have considered plaintiff's remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 26, 2021