Zinger v Robertson (2023 NY Slip Op 02994)

Zinger v Robertson

2023 NY Slip Op 02994

Decided on June 06, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 06, 2023

Before: Kapnick, J.P., Oing, Moulton, Kennedy, Mendez, JJ. 

Index No. 350013/17 Appeal No. 415 Case No. 2022-04417 

[*1]Juliana Zinger, Plaintiff-Respondent,
v
Christian Robertson, Defendant-Appellant.

Howard Benjamin, New York, for appellant.
Berkman Bottger Newman & Schein LLP, New York (Ian Steinberg of counsel), for respondent.

Order, Supreme Court, New York County (Douglas Hoffman, J.), entered on or about June 24, 2022, which insofar as appealed from, denied defendant husband's motion to terminate his child support and spousal maintenance obligations, unanimously affirmed, without costs.
The motion court's denial of the relief sought by the husband on grounds of plaintiff wife's alleged interference with his visitation rights was a provident exercise of its discretion (see Domestic Relations Law § 241). The husband's motion papers did not adequately show the wife engaged in deliberate frustration or active interference with those rights (see e.g. Rodman v Friedman, 112 AD3d 537 [1st Dept 2013]; Matter of Thompson v Thompson, 78 AD3d 845 [2d Dept 2010]), and did not create an issue of fact that would warrant a hearing on the issue.
On appeal, the husband does not address the motion court's observation that the majority of alleged instances of the wife's interference with visitation had been set forth in the husband's September 2020 cross-motion, which was resolved by the parties' 2021 Stipulation. Nor does he adequately address the claim that the remaining allegations are speculative, conclusory, or otherwise do not justify the relief sought. In the first alleged instance, he states that, in Summer 2021, he "saw the twins from August 16th to 19th," so it is unclear how this violated his parenting time. Other instances are described in only the most conclusory way, and he offers no proof, beyond his affidavit, to show this interference actually occurred. Under the circumstances, the court appropriately denied, without a hearing, the husband's efforts to terminate his maintenance and child support obligations, to the extent premised on the wife's interference with visitation.
The court also properly denied the motion without a hearing to the extent premised on the husband's claims of a substantial change in his financial circumstances (see generally Domestic Relations Law § 236B[9][b]), as he failed to create a triable issue of fact on this point as well (see e.g. Weinig v Weinig, 198 AD3d 470 [1st Dept 2021]; Gordon v Gordon, 82 AD3d 509 [1st Dept 2011]; Mishrick v Mishrick, 251 AD2d 558 [2d Dept 1998]). The husband's arguments as to this issue largely arise from his challenges to the motion court's previous imputation of annual income to him of $600,000, which he claims was the result of a one-time sale of certain assets. However, he does not adequately explain why he then reconfirmed that determination, first made in an April 5, 2019 order, in the parties' Stipulation of Settlement, and then again, at least impliedly, in the parties' 2021 Stipulation which, among other things, resolved the wife's claims to enforce certain provisions of the Stipulation of Settlement. To the extent his argument is that his financial situation changed after the execution of the 2021 Stipulation, the argument is also unavailing, either because he does not ascribe dates to certain adverse [*2]financial events that he cites, for instance the $1.6 million he claims to have paid to defend himself in the divorce litigation, or because they predate the 2021 Stipulation. His reliance on his 2020 tax returns does not advance his position either; the returns shed no light on his 2021 income and were, moreover, expressly rejected by the IRS. He claims financial hardship because, he asserts, the war in Ukraine has prevented him from starting a new business, but offers no support for this claim and describes no efforts to seek other opportunities (see e.g. Matter of Berg v Berg, 166 AD3d 766 [2d Dept 2018]). His updated Net Worth Statement also fails to adequately support the relief he seeks. It contains unexplained gaps, namely, valuations of interests in certain businesses indicated as "N/A," and, other than the 2020 tax returns, is unaccompanied by bank statements or other supporting financial documentation. Nor does it support the husband's claims of financial hardship, as it reflects approximately $3 million in net assets.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 6, 2023