## Sara Tirschwell for Mayor, Inc. v Kramer

2024 NY Slip Op 30023(U)

January 4, 2024

Supreme Court, New York County

Docket Number: Index No. 154123/2021

Judge: Sabrina Kraus

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | | |
|---|---|---|
| **PRESENT:**    <u>HON. SABRINA KRAUS</u> | **PART** | **57TR** |
|                            *Justice* | | |

------------------------------------------------------------------X

SARA TIRSCHWELL FOR MAYOR, INC.,SARA TIRSCHWELL

                       Plaintiff,

                 - v -

STEVE KRAMER D/B/A GET OUTTHE VOTE,

                       Defendant.

------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 154123/2021 |
| **MOTION DATE** | 11/21/2023 |
| **MOTION SEQ. NO.** | 002 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 67, 68, 69, 70, 71, 72, 73, 74, 75, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 113

were read on this motion to/for                 <u>STRIKE PLEADINGS</u> .

## BACKGROUND

Plaintiffs commenced this action alleging breach of contract against defendant whom they hired to collect the signatures needed to get Sara Tirschwell (Tirschwell) on the June 22, 2021, Republican mayoral primary ballot in New York City. Defendant's counterclaim for defamation was dismissed by decision and order dated September 30, 2022.

Pursuant to a status conference order that was so-ordered by the court dated July 26, 2023, plaintiffs were ordered to provide the following to defendant:

> -Plaintiff to provide an affidavit as to the current status of the plaintiff corporation SARA TIRSCHWELL FOR MAYOR. INC., within 30 days
> -Plaintiff to provide a copy of the retainer between plaintiff and Mr. Mandelker, redacted as to privileged information, within 30 days
> -Plaintiff to provide a response to Defendants request for proof of expenses as alleged in the complaint, besides the document provided to the campaign finance board, within 30 days
> -Plaintiff to provide the names of the witnesses referenced by Plaintiff in her deposition or an affidavit that Plaintiff does not intend on calling them at trial, within 30 days

**154123/2021 SARA TIRSCHWELL FOR MAYOR, vs. STEVE KRAMER D/B/A GET**         **Page 1 of 10**
**Motion No. 002**

1 of 10

[* 1]

Additionally, defendant was ordered to produce time sheets and records of time spent by canvassers or an affidavit that what was produced is all that is in defendant's possession, within 30 days.

A discovery conference was held with the Court on September 12, 2023 wherein defendant raised issues with plaintiff's compliance with the prior order. However, no resolution was reached, and defendant was given permission to file the within discovery motion.

## PENDING MOTIONS

On September 22, 2023, defendant moved for an order pursuant to CPLR 3126(3) striking plaintiffs' complaint and rendering a default judgment against them. (Mot. Seq. 2).

On October 20, 2023, plaintiffs cross moved for an order pursuant to CPLR 3212 granting them partial summary judgment finding defendant liable for breach of contract and awarding them damages in the amount of $80,000, plus interest, or alternatively ordering defendant to produce certain original documents for inspection pursuant to CPLR §§ 3101(a) and 3104(a).

The motions are consolidated herein for determination as set forth below.

## UNDISPUTED FACTS

As set forth in plaintiffs' Statement of material facts, to which defendant does not submit response, the following facts are deemed admitted for the purposes of plaintiffs' cross-motion for summary judgment pursuant to 22 NYCRR § 202.8-g and section II(G)(4) of the part 57 rules.

Tirschwell wanted to run for Mayor of New York City in the 2021 election and, to that end, she incorporated Plaintiff Sara Tirschwell for Mayor, Inc. to be her campaign organization. Plaintiffs needed to obtain 2,250 valid signatures of qualified voters, on Designating Petitions

**154123/2021 SARA TIRSCHWELL FOR MAYOR, vs. STEVE KRAMER D/B/A GET Motion No. 002**

**Page 2 of 10**

2 of 10

[* 2]

properly witnessed between March 2 and March 25, 2021, in order to get on the ballot for the 2021 Republican New York City mayoral primary election held on June 22, 2021.[1]

On or about February 27, 2021, plaintiffs retained defendant to, among other things, collect the signatures needed to get Tirschwell on the 2021 Republican mayoral primary ballot. Defendant and Sarah Tirschwell for Mayor, Inc. entered into a contract dated as of February 27, 2021, pursuant to which plaintiffs paid defendant $80,000. In return, the contract provided that defendant would "implement a GOP New York Mayoral Petition Plan for Sara Tirschwell" that was to "target" acquisition of 6,200 signatures on Tirschwell's Petitions by utilizing 26 paid "Petitioners" each working 19 five-hour shifts to obtain signatures on Tirschwell's Designating Petitions, for a total of 2,470 person-hours.

Defendant acknowledges that, by law, he is required to keep accurate records of the time spent by, and payments made to, his staff that worked for plaintiffs' campaign and in what roles they worked, such as Petitioner or driver. To satisfy his obligation, defendant kept all of their timesheets which also served as his payroll records.

On June 20, 2023, in response to a request for copies of "all the time sheets of petition gatherers and drivers who worked on the Tirschwell campaign ...," defendant produced a listing of people who worked as his Petitioners and twenty timesheets. On August 25, 2023, pursuant to the Court's July 26, 2023, Order requiring defendant to confirm that all timesheets had been produced, defendant, produced fourteen additional timesheets, bringing the total timesheets produced to thirty-four, and confirming that these represented "the final batch of 'timesheets' of petition gatherers and drivers who worked on the Tirschwell campaign." The 34 timesheets reflect that the individuals who defendant identified as "petitioners" worked a total of only 472.5

---

[1] The original petitioning requirement was 3750 valid signatures over a period of 38 days, however that requirement was reduced to 2250 signatures over 24 days due to the Covid-19 pandemic

**154123/2021   SARA TIRSCHWELL FOR MAYOR, vs. STEVE KRAMER D/B/A GET**          **Page 3 of 10**
**Motion No. 002**

person-hours, and all together, even including those from individuals who did not work as "petitioners," reflect work totaling just 1,261 person-hours.

Defendant obtained a total of only 4,454 signatures for plaintiffs. Of those, all but 546 were deemed invalid by the New York City Board of Elections. On or about April 14, 2021, the New York City Board of Elections determined that Tirschwell did not have the necessary number of valid signatures required for a spot on the June primary ballot.

## DISCUSSION

### *Defendant's Motion to Strike*

Defendant brought its motion on the basis of plaintiffs' alleged failure to produce documentation of their damages, including documents underlying expenses submitted to the Campaign Finance Board, and attorney retainer agreements and invoices, despite discovery orders requiring them to do so.

In opposition, plaintiffs produced documentation of expenses that were filed with the Campaign Finance Board, and claim the delay was due to difficulty accessing the documents on the Campaign Finance Board website.

In reply, defendant claims that the production is insufficient, particularly with respect to legal bills and retainer letters which it claims were not provided despite court orders. In the event the court does not strike plaintiff's complaint, defendant requests an order compelling production by a date certain.

CPLR § 3101(a) provides for the "full disclosure of all evidence material and necessary in the prosecution or defense of an action regardless of the burden of proof" CPLR § 3124 grants the court the power to compel a party to provide discovery demanded. CPLR § 3126 grants the court the power to sanction a party that fails to comply with a court's discovery order.

**154123/2021   SARA TIRSCHWELL FOR MAYOR, vs. STEVE KRAMER D/B/A GET**
**Motion No.  002**

**Page 4 of 10**

4 of 10

[* 4]

"The nature and degree of the penalty to be imposed pursuant to CPLR § 3126 is a matter within the discretion of the court. *Gorbatov v Tsirelman*, 206 AD3d 887 (2d Dept 2022). The striking of a pleading is a drastic remedy and is only warranted where a clear showing has been made that the noncompliance with an order was willful, contumacious or due to bad faith. *Mateo v City of New York*, 274 AD 2d 337 (1st Dept 2000).

Here, while plaintiffs claim they have now fully complied with the court's discovery order, defendant claims there remain documents that have not been provided. Plaintiffs' conduct is not sufficiently willful and contumacious as to warrant the striking of the complaint, as it is undisputed that plaintiff has been actively participating in discovery and has provided at least some of the documents that defendant has requested. Additionally, as the remaining documents sought by defendant speak primarily to plaintiffs' alleged damages, the more appropriate remedy would be an order precluding them from using them as evidence of damages at trial in the event they are not produced by a date certain.

Thus, defendant's motion is granted to the extent that plaintiffs are compelled to produce any additional proof of expenses as alleged in the complaint, including attorney invoices and retainers, within 30 days, or otherwise be precluded from using any documents it fails to produce to support its damages pursuant to CPLR § 3126(2).

### Plaintiff's Cross-Motion for Summary Judgment

To prevail on a motion for summary judgment, the movant must establish, *prima facie*, its entitlement to judgment as a matter of law, providing sufficient evidence demonstrating the absence of any triable issues of fact. CPLR § 3212(b); *Matter of New York City Asbestos Litig.*, 33 NY3d 20, 25-26 (2019). If this burden is met, the opponent must offer evidence in admissible form demonstrating the existence of factual issues requiring a trial; "conclusions, expressions of

**154123/2021 SARA TIRSCHWELL FOR MAYOR, vs. STEVE KRAMER D/B/A GET Motion No. 002**

**Page 5 of 10**

5 of 10

hope, or unsubstantiated allegations or assertions are insufficient." *Justinian Capital SPC v WestLB AG*, 28 NY3d 160, 168 (2016), quoting *Gilbert Frank Corp. v Fed. Ins. Co.*, 70 NY2d 966, 967 (1988). In deciding the motion, the evidence must be viewed in the "light most favorable to the opponent of the motion and [the court] must give that party the benefit of every favorable inference." *O'Brien v Port Auth. of New York and New Jersey*, 29 NY3d 27, 37 (2017).

Plaintiffs seek partial summary judgement on their sole remaining claim for breach of contract, contending that it is undisputed that defendant breached the contract by failing to Employ 26 "petitioners" for a total of 2470 hours as stipulated in the contract, as defendant's own records reflect that Defendant employed fewer than 17 Petitioners who worked a total of only 472.5 person hours, or 1261 hours if the work of employees of defendant who were not identified as petitioners are counted. While plaintiffs concede that there remain issues of fact relating to its consequential damages stemming from plaintiffs' failure to get on the ballot, they contend that there is no question that defendant breached the contract, and thus there are entitled to at least the amount they paid defendant.

In opposition, defendant produces additional timesheets[2], which it avers brings the total number of person hours worked to over 2,500[3], and thus there remain issues of fact as to defendant's substantial or complete performance under the contract, and whether plaintiff frustrated the purpose of the agreement, warranting the denial of plaintiff's motion.

---

[2] Defendant contends that its initial failure to produce these timesheets was due to logistical constraints, including that they were stored in multiple locations, and that it did not initially receive timesheets from a researcher and third party that it employed to gather signatures.
[3] While defendant did not provide an exact number in its supporting papers, the total additional work hours contained within the new timesheets add up to 1272.

**154123/2021   SARA TIRSCHWELL FOR MAYOR, vs. STEVE KRAMER D/B/A GET**   **Page 6 of 10**
**Motion No. 002**

6 of 10

[* 6]

INDEX NO. 154123/2021
RECEIVED NYSCEF: 01/04/2024

In reply, plaintiffs dispute that defendant's additional timesheets raise an issue of fact, contending that the number of employees and number of hours spent petitioning on behalf of the campaign was still well below the contracted amount.

"The essential elements of a breach of contract cause of action are 'the existence of a contract, the plaintiff's performance pursuant to the contract, the defendant's breach of his or her contractual obligations, and damages resulting from the breach.'" *Canzona v Atanasio*, 118 AD3d 837, 838 (2d Dept 2014), *quoting Dee v Rakower*, 112 AD3d 204, 208-209 (2d Dept 2013).

That the contract existed, and the fact that plaintiffs performed by paying defendant are not disputed. For the purposes of this motion, the only breach plaintiffs seek summary judgment on is defendant's purported failure to devote provide the number of people and man hours for petitioning as promised in the contract and seek damages only in the amount paid under the contract.

It is undisputed that the contract required defendant to provide "26 paid petitioners/volunteer petitioners" who would each work 19 five hour shifts for a total of 2470 man hours. It is further undisputed that the initial batch of timesheets produced show only 472.5 person hours by 17 individuals devoted to petitioning activities. Even assuming arguendo that all of the timesheets produced in the latest batch relate to petitioning work, and it is not clear that they are, defendant has provided evidence of at most 1744.5 man hours spent petitioning, significantly below the contracted for amount. Thus, plaintiffs meet their *prima facie* burden of establishing the existence of a breach as to this provision of the contract.[4]

---

[4] While defendants state that there is a material issue of fact as to whether this constitutes substantial performance, they make no arguments in support of this contention.

**154123/2021   SARA TIRSCHWELL FOR MAYOR, vs. STEVE KRAMER D/B/A GET**          **Page 7 of 10**
**Motion No.  002**

In opposition, defendant fails to raise a triable issue of fact by raising the doctrine of frustration of purpose. To invoke this doctrine, "the frustrated purpose must be so completely the basis of the contract that, as both parties understood, without it, the transaction would have made little sense" *Shmaltz Brewing Co., LLC v Dog Cart Mgmt. LLC*, 202 AD3d 659 (3d Dept 2022), quoting *Warner v Kaplan*, 71 AD3d 1, 6 (1st Dept 2009). "The doctrine applies when a change in circumstances makes one party's performance virtually worthless to the other, frustrating [its] purpose in making the contract." *Id.* quoting *PFF Safeguard, LLC v BCR Safeguard Holding, LLC*, 85 AD3d 506, 508 (1st Dept 2011).

In support of its frustration of purpose defense, Defendant only cites plaintiffs' purported misallocation of campaign resources, leading to them purchasing a "voter file" containing only 40% of New York City Republicans as opposed to a complete file, thus impeding their efforts. However, there is no allegation or evidence that the purchase of a complete voter file was a contractual condition, or otherwise that doing so was so fundamental as to undermine the purpose of the contract.

"Causation is an essential element of damages in a breach of contract action; ... a plaintiff must prove that a defendant's breach directly and proximately caused his or her damages." *Diesel Props S.r.l. v Greystone Business Credit II LLC*, 631 F3d 42, 52 (2d Cir. 2011), quoting *National Market Share v Sterling National Bank*, 392 F3d 520, 525 (2d Cir. 2011). "[D]amages may not be merely speculative, possible or imaginary, but must be reasonably certain and directly traceable to the breach, not remote or the result of other intervening causes." *Kenford Co., Inc. v Erie County*, 67 NY2d 234 (1986).

Here, Plaintiffs fail to present any argument as to how defendant's breach of the contract provision at issue directly or proximately caused the damages they seek, effectively a complete

154123/2021   SARA TIRSCHWELL FOR MAYOR, vs. STEVE KRAMER D/B/A GET
Motion No. 002

Page 8 of 10

[* 8]

refund of the contract amount. Thus, plaintiffs have failed to meet their *prima facie* burden of proving that their damages stem from a breach of the contract provision at issue.

*Plaintiff's Request to Inspect Original Timesheets*

As alternative relief, plaintiffs seek an order compelling defendant to produce original timesheets, raising questions as to their authenticity. Defendant disputes plaintiffs' contention that the timesheets contain anomalies that would warrant an inspection of original documents.

At trial, the best evidence rule "requires the production of an original writing where its contents are in dispute and sought to be proven." *People v Haggerty*, 23 NY3d 871, 876 (2014), quoting *Schozer v William Penn Life Ins. Co. of N.Y.*, 84 NY2d 639, 643 (1994). As such, production of original documents for inspection is warranted where, as here, plaintiffs have raised substantiated questions as to their authenticity.

## CONCLUSION

Accordingly, it is hereby

ORDERED that defendant Steve Kramer d/b/a Get Out the Vote's motion to strike is granted, to the extent that plaintiff is compelled to plaintiffs are compelled to produce any additional proof of expenses as alleged in the complaint, including attorney invoices and retainers, within 30 days, or otherwise be precluded from using any documents it fails to produce to support its damages, and is otherwise denied; and it is further

ORDERED that plaintiffs Sara Tirschwell For Mayor, Inc. and Sara Tirschwell's cross-motion is granted, to the extent that defendant is required to produce original timesheets for inspection, at a time and place to be set at the next discovery conference, and is otherwise denied; and it is further

**154123/2021  SARA TIRSCHWELL FOR MAYOR, vs. STEVE KRAMER D/B/A GET**
**Motion No.  002**

Page 9 of 10

9 of 10

[* 9]

ORDERED that, within 20 days from entry of this order, defendants shall serve a copy of this order with notice of entry on the Clerk of the General Clerk's Office (60 Centre Street, Room 119); and it is further

ORDERED that counsel are directed to appear for a virtual status conference with the court via MS Teams on February 6, 2024 at 2:30 pm; and it is further

ORDERED that such service upon the Clerk shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page on the court's website at the address www.nycourts.gov/supctmanh);]; and it is further

ORDERED that any relief not expressly addressed has nonetheless been considered and is hereby denied; and it is further

This constitutes the decision and order of the court.

| 1/4/2024 | | | | | | SABRINA KRAUS, J.S.C. | |
|----------|---|---|---|---|---|---|---|
| **DATE** | | | | | | | |
| **CHECK ONE:** | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
| | | GRANTED | DENIED | X | GRANTED IN PART | | OTHER |
| **APPLICATION:** | | SETTLE ORDER | | | SUBMIT ORDER | | |
| **CHECK IF APPROPRIATE:** | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**154123/2021   SARA TIRSCHWELL FOR MAYOR, vs. STEVE KRAMER D/B/A GET**
**Motion No.  002**

Page 10 of 10

10 of 10