Ullah v Ullah (2024 NY Slip Op 05079)

Ullah v Ullah

2024 NY Slip Op 05079

Decided on October 15, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 15, 2024

Before: Webber, J.P., Kapnick, Kennedy, Scarpulla, Shulman, JJ. 

Index No. 301223/00 Appeal No. 2815 Case No. 2023-02212 

[*1]Zahid J. Ullah, Plaintiff-Respondent,
v
Farrin B. Ullah, Defendant-Appellant.

Farrin B. Ullah, appellant pro se.

Order, Supreme Court, New York County, entered February 16, 2023 (Ariel D. Chesler, J.), which, to the extent appealed from as limited by the brief, after a hearing, denied defendant wife's motion for contempt against plaintiff husband, granted the husband's cross-motion for downward modification, and sua sponte vacated a prior order requiring the husband to provide redacted tax returns to the court, unanimously modified, on the law, to reinstate the requirement that the husband provide redacted tax returns to the court, and otherwise affirmed, without costs.
Supreme Court properly found that the husband would suffer extreme hardship if he were held to the maintenance obligations imposed under the settlement agreement (Domestic Relations Law § 236[B][9][b]; see Sheila C. v Donald C., 5 AD3d 123, 123-124 [1st Dept 2004]). The husband established that his job loss in 2020 was involuntary and that he had made numerous attempts to seek comparable employment, without success. According to the evidence presented at the hearing, he not only had minimal job prospects but lacked other assets to satisfy the ongoing maintenance obligation in the parties' settlement agreement.
Nonetheless, it was error for the court to sua sponte relieve the husband from providing redacted tax returns to the court. While the husband's job prospects may appear poor at this time, the parties' settlement agreement grants the wife 25% of the husband's earnings over $250,000. However unlikely this scenario may be at this point, the wife should have access to this information.
Supreme Court's determination not to incarcerate the husband for contempt was not an abuse of discretion, as the husband established his defense of inability to comply with the prior maintenance obligations given his poor financial condition (see El-Dehdan v El-Dehdan, 114 AD3d 4, 17 [2d Dept 2013]; see also Battinelli v Battinelli, 192 AD3d 957, 960 [2d Dept 2021]).
We have considered the wife's remaining arguments and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 15, 2024